# Garrett, *et al.* *v.* Mayfield Woolen Mills.

*Garnishment.*

(Decided Nov. 62, 1907.  44 So. Rep. 1026.)

1. *Appeol; Review; Special Finding; Effect.*—Where a special finding is made under section 3320, Code 1896, by the trial court this court will only inquire, on appeal, whether the facts as found are sufficient to support the judgment.

2. *Same; Supersedeas; Security for Costs.*—The mere giving of security for costs of appeal will not suspend the judgment of the lower court or prevent its enforcement by execution or otherwise.

3. *Same; Effect on Garnishment.*—When an appeal from a judgment is taken and a supersedeas bond given, after a writ of garnishment is issued to enforce the judgment, the garnishment is suspended pending the determination of the appeal, and on an affirmance of the appeal the trial court may proceed with the garnishment, unless there has been some act tantamount to a discontinuance.

4. *Trial; Docket; Bringing Forward on Docket.*—The failure of a clerk of the court to bring a cause forward on the docket will not operate as a discontinuance of the suit.

5. *Judgment; Payment; Application.*—In the absence of 'a finding that the possession by a judgment creditor of assets of a judgment debtor was of such a nature as to give the judgment debtor any claim against his creditor on account of his possession thereof, a finding that a judgment creditor receives such assets is not sufficient on which to base a holding that the judgment creditor was bound to apply such assets in discharge of his judgment.

6. *Garnishment; Proceedings to Enforce.*—A demand sought to be enforced by a writ of garnishment which cannot be defeated by a defendant in judgment cannot be defeated by the garnishee.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by the Mayfield Woolen Mills against the First Bank of Elba, with J. M. Garrett and others as garnishees. From a judgment for plaintiff against the garnishees, they appeal. Affirmed.

The court found the facts to be as follows: "That at the spring term, 1901, of the circuit court of Coffee

county, the Mayfield Woolen Mills recovered a judgment against L. H. Morris for the sum of $1,144.88, besides cost of suit. That on October 27, 1902, plaintiff sued out a writ of garnishment on its judgment against Morris against the First Bank of Elba as garnishee. That at the April term, 1905, of said court, the plaintiff recovered judgment against said bank as garnishee for the sum of $357.58 and costs of suit. That said bank appealed the case to the Supreme Court of the state of Alabama on September 29, 1905, giving a supersedeas bond on October 7, 1905, with Levi Powell and W. D. Hutchinson as securities. That said Supreme Court affirmed the judgment of the circuit court on April 28, 1906, and rendered judgment against the said bank and the sureties on its bond for the judgment of the lower court, $35.72 damages, and $45.05 costs of court, and that the said Powell and Hutchinson, as sureties on the bond, paid the said judgment and costs, amounting to $471.48, on the 7th day of July, 1906, and thereupon had the judgment of the lower court in favor of the Mayfield Woolen Mills against the said bank transferred to them, which said transfer is in words and figures as follows: [Here follows proper written transfer of the judgment.] That, after the said Hutchinson and Powell paid the judgment, Malone paid them $200 on same, saying he did not want them to lose the entire sum. That there is now due by said bank on account of said judgment the sum of $471.48 and interest from the 7th day of July, 1906, to March 19, 1907, $20.09, making a total of $491.-57. That in September, 1905, the plaintiff, Mayfield Woolen Mills, sued out a writ of garnishment, on its judgment against said bank, against J. M. Garrett, Fox Henderson, L. M. Bashinsky, J. B. Simmons, and A. B. Foster, which was executed prior to September 29, 1905. That on October 16, 1899, articles of incorporation of

the First Bank of Elba were filed in the office of the judge of probate of Coffee county, with an authorized capital of $50,000, divided into 500 shares, of the par value of $100 each. That all of the shares of such corporation, 500 in number, were subscribed for at the time of the incorporation. That Garrett subscribed for 5 shares of said stock, Simmons for 10 shares of said stock, Henderson for 84 shares of said stock, Bashinsky for 84 shares, and Foster for 30 shares. That at the time of incorporation $25,000 of the capital stock was paid in by the subscribers; each of the garnishees above named paying in their pro rata share on the number of shares subscribed by each and receiving certificates of shares for the number paid for. Commission was issued, and said bank commenced business. That subsequently $10,000 was paid in; each of the subscribers paying an amount pro rata based on the number of shares each subscribed for. That after incorporation Levi Powell bought of Murphy 2 shares of his paid-up stock, paying therefor $200, the par value. That about July 1, 1903, James Murphy, acting for the shareholders of said bank, made a trade with G. H. Malone, by which he sold said Malone the interest of all the stockholders in said bank for $42,000, being $35,000 cash principal and $7,000 capital, with the understanding that, if any of the stockholders desire to retain their interest in the bank, Malone was to allow them to do so, paying to each of the shareholders ratifying the trade their pro rata of the total purchase price agreed upon, based upon the amount that each had paid in. That at the time of this agreement of sale and the subsequent sale the First Bank of Elba was solvent. That all of the stockholders, including the garnishees named, except Garrett and Simmons, ratified the agreement of Murphy with Malone, and each of those ratifying received the pro rata

[Garrett, et al. v. Mayfield Woolen Mills.]

share of the amount paid by Malone; said Garrett and Simmons retaining their interest in the bank. That, at the time of the purchase by Malone, Hutchinson acquired a $6,000 interest in said bank. That Malone and his associates continued to operate said bank until September, 1902, when said bank ceased to do business and was merged into the First National Bank of Elba; Hutchinson receiving $6,000 of the stock of said national bank; that on this merger Malone and his associates received all the assets of the First Bank of Elba; neither the garnishees nor any of their associates, who had sold their stock in the First Bank of Elba, received any of said assets on the merger. That on the stock subscribed for by him Garrett has paid $350, Simmons $700, Fox Henderson $5,880, Bashinsky $5,880, and Foster $2,100. That, at the time of the sale of their interest to Malone, Henderson was owing said bank on stock subscribed for $2,520, Bashinsky $2,520, and Foster $900. At the same time Garrett was owing the said bank $150, and Simmons $300, on the stock subscribed, and that none of such money has ever been paid by them, but that the same is still due and owing." The court then proceeded to render judgment against Garrett for $150, against Simmons for $300, against Foster, Henderson, and Bashinsky, each, for the sum of $491.57, the amount due the plaintiff; and the costs were assessed against each, with the provision that the plaintiff may have but one satisfaction of his judgment, and that upon the payment of $491.57 and the costs of the proceedings the judgment should be marked satisfied in full.

FOSTER, SAMFORD & CARROLL, for appellant. Garnishment proceedings being of statutory origin, must be exercised within the statutory limit.—*Jones v. Crews.*

64 Ala. 368; *Beeman v.. Hudmon,* 79 Ala. 532; *Adams v. Orcen,* 100 Ala. 218.. The rule declared in *Barclay v. Barclay,* 42 Ala. 45 applies to this proceeding. The motion for summary judgment.was discontinued by operation of law.—*Gray v. Bank,* 11 Ala. 771; *Henley v. Young,* 69 Ala. 89; *Ex parte State,* 71 Ala. 307; *Ex parte Humes,* 130 Ala. 203. The judgment of a lower court becomes merged when affirmed on appeal.—*McArthur v. Bain,* 61 Ala. 542. Counsel discuss other assignments of error, but cite no authority.

J. F. SANDERS, and CLAUDE RILEY, for appellee. There was no discontinuance under the facts in this case.— *Robinson, et al. v. Starr,* 3 Stew. 90; *Security L. Asso. v. Weems,* 69 Ala. 584; *Talladega Merc. Co. v. McDonald,* 97 Ala. 508; *Steiner Bros. v. 1st Nat. Bank,* 115 Ala. 379; 6 Ency. P. & P. 64. There is nothing in the proposition that the judgment will merge, since the scope and effect of supersedeas is simply to preserve the status in quo pending the appeal.—9 Cyc. 908-9. By their action the garnishee submitted themselves to the jurisdiction of the court.—*Merchants Nat. Bank v. Troy Groc. Co.,* 43 Ala. 208. The mere transfer of the stock and assets of the corporation does not make the transferee liable for the debts of the corporation.—*Meritt v. Morris,* 132 Ala. 190; *Force v. Age Herald Co.,* 136 Ala. 278. If the judgment has not been satisfied with funds belonging to the 1st Bank of Elba, acquired by Hutchison, the fact that Hutchison might also have been made liable is no defense as to this garnishee.—*Cary v. Woodward,* 53 Ala. 371; *Lea v. Iron Belt Merc. Co.,* 119 Ala. 271.

TYSON, C. J.—This case was tried by the presiding judge without a jury, and, upon request, the court made a special finding of the facts.—Code 1896, § 3320. We are confined, of course, in our review of it, to the deter-

mination of the single question whether the facts as found will support the judgment rendered.—*Alabama & Georgia Lumber Co. v. Tisdale,* 139 Ala. 250, 36 South. 618. It appears that the plaintiff, Mayfield Woolen Mills, in 1901, obtained a judgment against one Morris for the sum of $1,114.28, besides costs of suit. On this judgment the plaintiff sued out a writ of garnishment, on October 27, 1902, against the First Bank of Elba. In April, 1905, a judgment was obtained against the garnishee bank for $357.38. From this judgment the bank appealed to this court, superseding it by proper bond, upon which Levi Powell and W. D. Hutchinson were its sureties. The judgment was affirmed on April 28, 1906, and was subsequently paid by the sureties, and assigned by the plaintiff to them, for whose benefit this suit is now being prosecuted.—Code 1896, § 3888. Before the appeal was taken the plaintiff in judgment obtained a writ of garnishment, upon the judgment against the bank, against the present garnishee an appellant here, returnable to the October term, 1905, of the court, which convened on the 2d day of that month. By this writ this garnishee was required to answer within the first three days of the term.—Code 1896, § 2175. The supersedeas bond by the bank was not executed until the 7th day of October, 1905—more than four days after the return day of the writ of attachment, and more than three days after an order had been entered continuing the cause and permitting the garnishee to answer at the next term of the court. The date of this order is shown to be October 4, 1905. It is true that on the 28th day of September, just preceding the convening of the court, the bank gave security for costs of the appeal; but this did not operate to suspend the judgment, nor to prevent its enforcement by execution or otherwise.— *Ex parte Hood,* 107 Ala. 520, 18 South. 176. This sus-

[Garrett, et al. v. Mayfield Woolen Mills.]

pension only took place after the supersedeas bond was executed. But its execution did not operate to deprive the court of the jurisdiction it had acquired by the writ, or destroy its efficacy, unless the judgment superseded had been reversed by this court upon the appeal. It did, it is true, pending the appeal, suspend the right of the trial court to proceed to a hearing of the garnishment suit against the appellant until the appeal was decided by this court; and this effect, it appears, the trial court accorded to it by continuing the cause. When the appeal was disposed of by an affirmance of the judgment, that terminated the suspension, and the trial court was free to proceed with the cause, unless it had been discontinued in the meantime.—2 Cyc. 908, 909; 20 Ency. Pl. & Pr. 1240. There is clearly nothing in the case of *McArthur v. Dane,* 61 Ala. 543, which is opposed to the principles we have declared. It is entirely true, as there said, that "the affirmance here rendered merged the judgment of the circuit court in ours, authorized execution to be issued from that court for the collection of the judgment as there rendered against Dane (the defendant), and placed it out of the power of the circuit court to alter or change that judgment in any respect." But this is far from holding that the writ of garnishment as a process for the collection of the judgment became functus by reason of the appeal and the affirmance. To the contrary, neither the supersedeaes nor the judgment of affirmance operated to impart or destroy the validity of the judgment appealed from. The motion to quash the writ of garnishment was therefore correctly denied.

This brings us to a consideration of the question, whether this suit was discontinued. The contention that it was is based upon the fact that the clerk of the court failed to bring it forward on the docket to the spring

term of the court, 1906, when on motion of plaintiff, a judgment nisi was rendered against this garnishee. "The proceeding by garnishment in point of law is the institution of a suit in which the creditor is permitted to proceed against the debtor of his debtor, and therefore would seem to be governed by the general rules applicable to other suits."—*Travis by Tartt,* 8 Ala. 576. In *Griel v. Loftin,* 65 Ala. 591, it was said: "It has been uniformly held, and long since settled, in this state, that a proceeding by garnishment to subject the funds of a defendant in attachment or execution to the judgment or debt of a creditor is a suit, and as such is to be governed, as far as practicable, by the general rules of practice applicable to other suits." It has also been uniformly held by this court that the neglect or refusal of the clerk to discharge his duty will not operate a discontinuance.—*Ex parte Humes,* 130 Ala. 203, 30 South. 732, and cases there collated. There must be some positive action by the plaintiff, by which a cause is taken from and remains off the docket of the court, to work a discontinuance.—*Ex parte State,* 71 Ala. 367. Nor did the plaintiff's omission to take a judgment at the term at which the clerk neglected to carry the case forward on the docket operate a discontinuance or affect the jurisdiction of the court to render a judgment at a subsequent term.—*Steiner Bros. v. First National Bank,* 115 Ala. 379, 388, 22 South. 30; *Robinson v. Starr,* 3 Stew. 90. The cases of *Barclay v. Barclay,* 42 Ala. 345, and *Gary v. Bank,* 11 Ala. 771, relied upon by appellant's counsel as supporting their contention on this point, clearly have no application.

The next point made by appellant is that, as Hutchinson ( one of the parties to whom the judgment sought to be enforced was transferred) became possessed of $6,000

39 R

of the assets of the bank which was liable to its debts, so much of these assets as will satisfy the judgment should be applied to its satisfaction. It is not shown by the finding of facts that Hutchinson was indebted to the judgment debtor bank by reason of the reception of these assets, or on any other account. It may be that the assets he received could be, under the circumstances, subjected by creditors of the bank to the payment of their demands—a question we do not decide; but unless there was some agreement between him and the bank by which he assumed the payment of its debts, or agreed to apply the assets to their satisfaction, the bank would not have a right of action against him, and clearly, if the demand he here seeks to enforce by the writ of garnishment could not be defeated by the bank, it cannot be defeated by the garnishee. By this, however, we do not wish to be understood as intimating that, if the bank could have invoked the defense, the garnishee may avail himself of it. The law is otherwise. The plaintiff's right to have the garnishee charged for the debt due by him to the bank depends upon and is measured, in all cases except where there is fraud, by his liability to the bank. In other words, if the bank could make him liable by an action at law upon his debt sought to be subjected, the plaintiff can subject it by process of garnishment.— Rood on Garnishment, § 46 et seq. This author in section 48 says: "The garnishee is not entitled to occupy in any respect a better position than if sued by the defendant. On the other hand, it is a universal rule that under no circumstances is the garnishee to be placed in a worse condition by operation of the proceedings against him than he would be in if the defendant's claim against him were enforced by the defendant himself. Any defense which would be good against the latter is available against the plaintiff." "The plaintiff," says

[Powell v. Prudential Insurance Co. of America.]

the author, "steps into the defendant's shoes and acquires his rights, no more and no less."—Section 46. A garnishee is a stakeholder, and is supposed to be indifferent as between the plaintiff and defendant, and is protected by the payment of the judgment against him, though irregular.*Montgomery Gas L. Co. v. Merrick,* 61 Ala. 534, 536.

On the trial of the contest in this case the indebtedness of the defendant to the plaintiff was not involved. The only question to be determined was whether the garnishee was or was not indebted to the defendant in garnishment.—*Jones v. Pope,* 6 Ala. 154; 20 Cyc. 1102. These principles also dispose of the contention of the appellant, adversely to him, that the trial court should have allowed a credit of the $200 paid to plaintiff by Malone upon the judgment. We have considered all the insistences urged against the correctness of the judgment appealed from, and find none of them were well taken.

Affirmed.

SIMPSON, ANDERSON, and DENSON, JJ., concur.