(103 So. 42)

## ODOM v. COUNTY COAL CO. OF ALABAMA. (6 Div. 309).

(Supreme Court of Alabama. Jan. 15, 1925.)

**I. Trespass ☞45(6)—Evidence held relevant as showing trespass was not willful.**

In action under Code 1907, § 6035, for cutting trees, testimony of president of defendant company that he had cautioned his employés not to go on other people's property and cut timber was relevant as tending to show that trees were not willfully and knowingly cut by defendant.

**2. Appeal and error ☞1008(I)—Judgment based on finding of facts of court in cause tried without jury not disturbed, unless plainly wrong.**

Where cause is tried without jury, finding of court on facts given orally before trial judge has same effect as verdict of jury, and judgment based thereon will not be disturbed, unless plainly wrong, in view of Code 1907, § 5359, as amended by Acts 1915, p. 824.

**3. Trial ☞388(I)—Parties may request trial court to make special findings of fact.**

Under Code 1907, § 5360, parties may request trial court to make special findings of fact.

**4. Appeal and error ☞850(I) — Appellate court may review finding of trial court on facts notwithstanding special finding.**

Under Code 1907, § 5361, appellate court may review finding of trial court on facts, notwithstanding special finding of facts in compliance with request under section 5360.

**5. Trespass ☞44—Burden of proof on plaintiff to show willful trespass.**

In action under Code 1907, § 6035, for cutting trees, burden was on plaintiff to show that cutting and destruction of trees was willfully and knowingly done without consent of owner of land.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action by Etta Odom against the County Coal Company of Alabama for statutory penalty for cutting trees. Judgment for defendant, and plaintiff appeals. Affirmed.

W. A. Weaver and T. J. Lamar, both of Birmingham, for appellant.

It was proven that the servants or agents of defendant, acting within the line and scope of their employment, willfully cut and removed the trees from plaintiff's land without her consent, and plaintiff was entitled to judgment. Postal Tel. Co. v. Le Noir, 107 Ala. 640, 18 So. 266; Wright v. Bentley Lbr. Co., 186 Ala. 616, 65 So. 353; Miller-Brent Lbr. Co. v. Dillard, 201 Ala. 18, 75 So. 308; Rogers v. Brooks, 105 Ala. 549, 17 So. 97; Williams v. State, 83 Ala. 68, 3 So. 743; 8 Words and Phrases, 7474. It was error for the court to consider the statement of defendant's president that he had cautioned his employés against going on the land of other people and cutting trees. Jernigan v. Clark, 134 Ala. 313, 32 So. 686.

William S. Pritchard and J. D. Higgins, both of Birmingham, for appellee.

The judgment in this case has the effect of a verdict of a jury. Code 1907, § 5359; Halle v. Brooks, 209 Ala. 486, 96 So. 341; Benton Merc. Co. v. Owensboro Wagon Co., 207 Ala. 49, 91 So. 784; Pinckard v. Cassels, 195 Ala. 353, 70 So. 153; Fitzpatrick v. Stringer, 200 Ala. 574, 76 So. 932; Jackson v. Jackson, 204 Ala. 257, 85 So. 482; Gray v. Handy, 204 Ala. 559, 86 So. 548. No recovery of the penalty may be had unless the wrongful act was done willfully and knowingly, without the consent of the owner. Code 1907, § 6035; Ellard v. Goodall, 203 Ala. 476, 83 So. 568; Rudolph v. Holmes, 201 Ala. 461, 78 So. 839; McConnell v. Free, 206 Ala. 83, 89 So. 170; Williams v. Hendricks, 115 Ala. 277, 22 So. 439, 41 L. R. A. 650, 67 Am. St. Rep. 32.

MILLER, J. This is an action for statutory penalty for cutting down, destroying, or taking away trees or saplings, "to wit. 600," under section 6035 of the Code of 1907. It was instituted by Etta Odom against the County Coal Company of Alabama, a corporation. The defendant pleaded general issue with leave to give in evidence any matter that might be specially pleaded, and with like leave to plaintiff to give in evidence any matter admissible in reply thereto—the same to have effect as if so pleaded by the parties. The court tried the cause without a jury, rendered judgment in favor of the defendant, and the plaintiff prosecutes this appeal from such judgment.

[1] W. F. Sossong, witness for and president of the defendant company, was asked the following question over objection and exception of the plaintiff:

"Did you ever caution the employés of the County Coal Company against going on the property of the other people and cutting timber without getting authority from either you or the vice president of the company?"

He answered:

─────────
☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"I know on two occasions, when I cautioned them not to go on other people's property and cut timber."

This evidence was relevant, tending to show the trees or saplings as alleged in the complaint were not cut willfully and knowingly by the defendant.

[2] This cause was tried by the court without a jury. All of the witnesses were examined orally in open court before the trial judge. He saw them and heard their testimony. The finding of the court upon the facts given orally before him by the witnesses has the same effect as the verdict of a jury, and the judgment based on it will not be disturbed, reversed by this court, unless plainly wrong. Section 5359, Code 1907, as amended by Acts 1915, p. 824; Benton Merc. Co. v. Owensboro Wagon Co., 207 Ala. 49, h. n. 6, 91 So. 784.

[3] The defendant in writing requested the trial court to make a special finding of the facts in the cause. This is permissible under section 5360, Code 1907. The trial court, in writing, as requested made a special finding of the facts in this cause, reduced them to writing, signed them, and they are on file, and appear entered in the minutes with the judgment. This special finding of the facts in the cause by the court reads as follows:

"Having heard all the evidence in this case, the court finds as a fact that plaintiff, Etta Odom, was the owner of the land described in the complaint; and that the servants or agents of the defendant, acting within the line and scope of their employment, cut down, destroyed, or took away from said land of said plaintiff, trees to the number of 600 of the kind and character enumerated in section 6035 of the Code of 1907, the property of the plaintiff.

"The court further finds that plaintiff has failed to prove to the reasonable satisfaction of the court that defendant cut down, destroyed, or took away said trees of the plaintiff willfully and knowingly without the consent of the owner of the land, as alleged by plaintiff in her complaint, wherefore upon the facts judgment is rendered for the defendant."

In Quillman v. Gurley, 85 Ala. 594, 5 So. 345, the court said:

"If there is a special finding of facts, the Supreme Court must, on appeal, examine and determine whether the facts are sufficient to support the judgment."

This court in Chandler v. Crossland, 126 Ala. 183, 28 So. 422, quoted with approval the foregoing in Quillman v. Gurley, 85 Ala. 597, 5 So. 345, and then wrote:

"It thus appears that, where a special finding, as here, has been required of the court, by the parties, this court may not go behind the facts as found by the court to see whether or not from the evidence introduced it correctly found the facts. If such could be done, we fail to see the necessity for a special finding at all. We must therefore determine whether the court rendered a proper judgment on the facts found. Bibb v. Hall, 101 Ala. 79, 87."

This has been the uniform rule of this court, when there was a special finding of facts by the trial court, requested in writing by a party to the cause. Garrett v. Mayfield, 153 Ala. 602, h. n. 1, 44 So. 1026; A. & G. Lumber Co. v. Tisdale, 139 Ala. 250, 36 So. 618.

[4] But this court, in Jones v. Hines, 205 Ala. 145, 87 So. 531, held that the foregoing rule was changed by the statute (section 5361, Code 1907), and "opens for review the finding of the court on the facts, notwithstanding a special finding of the facts in compliance with the request under the preceding section 5360" of the Code of 1907. See, also, Shaw v. Knight, ante, p. 356, 102 So. 701.

In this special finding of facts the court states:

"The court further finds that plaintiff has failed to prove to the reasonable satisfaction of the court that defendant cut down, destroyed or took away said trees of the plaintiff, willfully and knowingly without the consent of the owner of the land, as alleged by plaintiff in her complaint. Wherefore upon the facts judgment is rendered for the defendant."

[5] The burden was on the plaintiff to make such proof. She could not recover this statutory penalty under the statute (section 6035, Code 1907) and under her complaint without showing by the evidence to the reasonable satisfaction of the court that the trees or saplings were cut down, destroyed, or taken away willfully and knowingly without the consent of the owner of the land. This burden rested on her. The trial court in the facts found shows she did not meet it. Section 6035, Code 1907; Shelby Iron Co. v. Ridley, 135 Ala. 513, h. n. 1, 33 So. 331; White v. Farris, 124 Ala. 461, 27 So. 259; Stockburger v. Aderholt, 195 Ala. 56, 70 So. 157.

There is sufficient evidence to sustain the judgment rendered by the court; it does not appear to be plainly wrong, but is supported and sustained by the weight of the evidence, and it is therefore affirmed.

The judgment is free from error, and is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.