(109 So. 763)

### HOPE v. STATE. (7 Div. 174.)

(Court of Appeals of Alabama. June 29, 1926. Rehearing Denied Aug. 31, 1926.)

Criminal law ⚫══730(3).

In liquor prosecution, cross-questioning defendant's witness as to having been previously caught for making liquor *held* not prejudicial error, where court sustained objection.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

Ross Hope was convicted of violating the prohibition law, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Hope v. State, 109 So. 764.

Leeper, Wallace & Saxon, of Columbiana, for appellant.

It was error to permit the state to show that defendant's witness had been put in jail under the same charge. Walker v. State, 205 Ala. 197, 87 So. 833; Adams v. State, 18 Ala. App. 524, 93 So. 292; Pippin v. State, 197

---

[1] Reported in full, with opinion, in the Southern Reporter; not reported in full in Alabama Reports.

Ala. 613, 73 So. 340; Lyles v. State, 18 Ala. App. 62, 88 So. 375. Erroneous admission of former conviction cannot be cured. Cobb v. State, 20 Ala. App. 542, 103 So. 387; Schroeder v. State, 17 Ala. App. 246, 84 So. 309.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The rulings on admission of evidence were without error. Prescott v. State, 20 Ala. App. 466, 103 So. 75; Duncan v. State, 20 Ala. App. 209, 101 So. 472.

RICE, J. The defendant was convicted of distilling and possessing a still. He attempted to prove an alibi. The evidence was in sharp conflict, and hence presented a question for the jury.

On the cross-examination of defendant's witness Winslett, the solicitor propounded the question, "You were caught in Talladega county yourself about three months ago for making liquor?" The defendant objected, and the court sustained the objection. The defendant moved for a mistrial on account of the question, which motion was overruled. We think that tne court did all that could be required of it when it sustained the objection to the question. The mere asking of the question was not so vicious as to poison the minds of the jury. A similar procedure was followed, upon the cross-examination of defendant's witness Honeycutt, and what we have said will dispose of that matter.

While it was properly not permissible for the state to interrogate defendant about a prior transaction with the law in the matter of violating the prohibition statutes, yet, where the answer of the defendant negatives the imputation—in short, is favorable to himself—the error is rendered innocuous. Prescott v. State, 20 Ala. App. 466, 103 So. 75.

We have examined the entire record without finding error prejudicial to defendant's rights. Other rulings presented by the record are so clearly without error that we deem it unnecessary to give them separate treatment.

Affirmed.