(109 So. 756)

### GRIFFIN v. GRIFFIN. (2 Div. 879.)

(Supreme Court of Alabama. Oct. 14, 1926.)

**1. Appeal and error ☞1009(4)—Decree based on oral evidence will not be disturbed, unless plainly contrary to great weight of evidence.**

In bill to remove cloud upon title to certain land, where parties and witnesses were examined orally in presence of court, findings of court will not be disturbed, unless plainly contrary to great weight of evidence.

**2. Logs and logging ☞2—Deed executed by husband conveying certain land to his wife held to include timber growing thereon.**

Where husband conveyed certain land to his wife, and thereafter they executed timber deed contract, it was error to decree that money paid for extension privileges under this contract belonged to husband, since conveyance to wife included timber which was growing thereon.

Appeal from Circuit Court, Perry County; S. F. Hobbs, Judge.

Bill in equity by Waverly G. Griffin against Bobbie M. Griffin. From the decree, complainant appeals. Affirmed in part, and reversed and remanded, with directions.

Thos. E. Knight, of Greensboro, and Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Counsel discuss the questions raised, but without citing authorities.

Chauncey Sparks, of Eufaula, and Clifton C. Johnston, of Marion, for appellee.

Where the evidence was ore tenus before the trial judge, his judgment thereon will not be disturbed, unless plainly erroneous. Birmingham News Co. v. Barron G. Collier, Inc., 212 Ala. 655, 103 So. 839; Odom v. County Coal Co. of Alabama, 212 Ala. 374, 103 So. 42.

MILLER, J. This is a bill in equity by Waverly G. Griffin against his wife, Bobbie M. Griffin, to cancel a deed on record as a cloud upon his title to certain land therein described. The complainant and respondent were living together as husband and wife when the alleged deed purports to have been signed, attested, acknowledged, and delivered by him to her. It was filed for record by her prior to the institution of this suit by him. They are now separated, and have been living apart for about two years.

The position and contention of complainant as presented by the bill and his evidence are that the deed is a forgery; and the respondent by her answer and evidence contends the deed was actually executed and delivered to her by him, and is a valid instrument as between him and her.

The court rendered a decree on proof denying complainant relief, and dismissed the bill. This decree is assigned as error by complainant, and the only question presented thereby is one of fact whether this deed was forged or not.

This instrument bears date of July 25, 1916, was filed for record August 6, 1924, and appears on its face to have been signed by the complainant, attested by J. S. Green, acknowledged before T. F. Aultman, a justice of the peace, and this justice of peace certifies thereon that J. S. Green probated the conveyance before him. The respondent is named as grantee therein, and the consideration is $5 cash and love and affection.

The complainant, J. S. Green, and T. F. Aultman were each examined orally in the presence of the court. Each testified that his name appearing on the deed looked like, but was not, his signature. They testified about the date of the deed, that the instrument signed was not a deed, and not this deed, but was a mortgage by complainant and his wife on this land to L. M. Mattox, father of the defendant, to secure $2,000. Complainant testified it was "a bogus mortgage," made for the purpose of preventing the collection of cost in a suit pending, in which he was a party, and the mortgage was never delivered to Mattox, but was afterwards destroyed by him.

Five witnesses were examined orally before the court who knew the signatures of the grantor, subscribing witness, and justice of the peace, or one or more of them, and each examined the signatures on the deed, and testified that the signature known by him was genuine.

The testimony of respondent and her father appears in form of depositions. She testifies this deed was signed by her husband at the home of the justice of the peace in her presence, attested there by J. S. Green, and the certificates on it were made by the justice of the peace, and the deed was then delivered to her by her husband. She testified that no mortgage was made on this land to her father, but at the time "a bogus mortgage on personal property" of complainant was made by him to her father. The complainant, defendant, the subscribing witness, and the justice of the peace all agree that about the time of the alleged execution of this deed they were all at the home of the justice of the peace. She testifies this deed was then signed, attested, acknowledged, and delivered. The other witnesses deny this, and state no deed

---

was signed, but a mortgage on the land was signed to Mattox by complainant, which was also signed by the defendant, and it was attested by Green, and acknowledged before Aultman.

The original deed is before us. It is a partly printed warranty deed. The blank places in its body appear in the handwriting of the defendant, except the date "25th" day of "July." It is evident from the evidence that the "25th" and "July" were written by T. F. Aultman, the justice of the peace, in the body of the instrument. There are certain physical facts which point almost certainly to the conclusion that this justice of the peace wrote the name "Waverly G. Griffin" in the body of the certificate of probate appearing on the deed.

Whether this deed was forged or not, the testimony is in direct conflict by positive proof, and there are strong circumstances, as well as the testimony of five witnesses who testify to the genuineness of the signatures of all or some of the names appearing on it.

[1] When the decree of the court is based on evidence ore tenus, or partly so, as in this cause, the conclusion reached will not be disturbed by us, unless plainly contrary to the great weight of the evidence. The testimony by its weight is not contrary to, but clearly supports, the conclusion reached by the trial court, and its decree denying complainant relief and dismissing his bill will be, and is, affirmed. Bell v. Blackshear, 206 Ala. 673, 91 So. 576; Birmingham News Co. v. Barron G. Collier, 212 Ala. 655, 103 So. 839; Odom v. County Coal Co., 212 Ala. 374, 103 So. 42.

[2] A. J. Hook files an interpleader, in which he sets up that complainant and defendant, on the 3d day of January, 1920, after the execution, and before the recordation of this deed, sold and conveyed to him certain timber, therein named, on this land, for the consideration of $4,500, with right to remove it for a period of five years from its date, and the conveyance contained this provision:

"Provided that all the rights herein granted may be extended for an additional period of ten years from year to year by paying on or before the beginning of each year an amount equal to 8 per cent. on the purchase price of said timber as herein set forth, and provided further that the said Waverly G. Griffin shall have the personal right to use such small timber as may be needed for fire wood, but this right shall not be transferable, and shall not pass to the purchaser of said land. All the rights herein granted shall be exercised so as not to interfere more than is necessary with the tillable land or with the tenants or other occupants of said premises. And the said Waverly G. Griffin covenants with the party of the second part that he is seized of an indefeasible estate in fee simple to said property and has good right to convey the same, that it is free from all incumbrances, and that he will warrant and defend the title to the same against the lawful claims of all persons whomsoever."

This petitioner filed this interpleader in this cause on the 1st day of January, 1925, accompanied with the sum of $360, in cash, to be paid to either the complainant or defendant, as the court might determine, and this was done in order to have extended his rights to cut and remove the timber from this land under the contract.

The court by decree declared that this $360 belonged to complainant, and directed that out of it the cost of this cause be paid and the balance delivered by the register to the complainant. This part of the decree is assigned as error by the appellee, the respondent, as is permitted under section 6091 of Code 1923.

This deed executed by complainant to the defendant conveying this land to her did not except, but included therein, this timber which was growing thereon. He conveyed the timber to her. They sold it to A. J. Hook, and we find no evidence showing she reconveyed her rights to it to the complainant.

As between complainant and the defendant: This $360, paid into court under the timber deed contract, belonged to the appellee, Bobbie M. Griffin. The court should have directed the register to pay it to her, and the court cost of the cause should have been taxed against the complainant.

This cause will be reversed and remanded for the court to decree that this $360 belongs to the defendant, to direct the register to pay it to her, and to tax the complainant with the cost of the court.

It results that the decree is affirmed in part, and reversed and remanded in part, with directions.

Affirmed in part, and reversed and remanded, with directions.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.