## Tucker v. State Automobile Mut. Ins. Co.

Oct. 27, 1939.

C. B. Latimer and Terry L. Hatchett for appellant.

Richardson & Redford for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—
Affirming.

Appellant, Paul Tucker, obtained judgment in the Barren circuit court against Arch Saxton for $7,724.85 for damages resulting to him in a collision between his motorcycle and the automobile of Saxton. Saxton prosecuted an appeal from the judgment to the Court of Appeals and superseded the sum of $5,000 of the judgment, with appellee as surety, leaving $2,724.85 unsuperseded. An execution issued on the judgment and was returned "No property found" and thereupon appellant filed his petition in equity in the Barren circuit court, in the nature of a bill of discovery, against Arch Saxton and Gladys Thompson, in which he alleged, in substance, that soon after the judgment was obtained in the Barren circuit court, the defendant Saxton transferred to Gladys Thompson his automobile, and further alleged that Gladys Thompson knew of the judgment and colluded with Saxton in the pretended purchase of the automobile for the purpose of assisting him in defeating the collection of the judgment. In the deposition of Arch Saxton taken as though on cross examination to be read on the trial of the case, it was developed that Saxton carried a policy of insurance with appellee insuring him against liability for bodily injury to the extent of $5,000 for any one person. Thereupon, appellant amended his petition setting up the policy of insurance and making appellee a party defendant and alleging his right to proceed against appellee for collection of the judgment up to the limit of the policy contract, and asking judgment against appellee for the sum of $5,000, plus $94.45 costs, of the case of Tucker v. Saxton in the Barren circuit court.

Appellee filed its answer and plea in abatement in which he pleaded the execution of the supersedeas bond with appellee as surety thereon, and that the case was

still pending in the Court of Appeals, and further pleaded a provision of the insurance policy which provided:

"No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the conditions hereof, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, * * *."

The Court sustained the plea in abatement and dismissed appellant's amended petition as against appellee, and from that judgment appellant has prosecuted this appeal.

The questions to be determined in this appeal are (a) was the insured's obligation to pay "finally determined" within the meaning of the terms of the insurance policy, by the judgment of the Barren circuit court, and (b) did the execution of the supersedeas bond, with appellee as surety thereon, for the sum of $5,000, the maximum amount for which appellee could be held liable under the insurance policy, enlarge appellee's liability under the policy so as to cover the whole amount of the judgment, or make it liable on both the policy contract and the supersedeas bond?

The policy contains this provision:

"It is further agreed that as respects insurance afforded by this policy under coverages A and B the company shall (a) defend in his name and behalf any suit against the Insured alleging such injury or destruction and seeking damage on account thereof, even if such suit is groundless, false or fraudulent; but the company shall have the right to make such investigation, negotiation and settlement of any claim or suit as may be deemed expedient by the company; (b) pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy, all premiums on appeal bonds required in such defendant suit, but without obligation to apply for or furnish such bonds, * * *."

It is obvious from the above quoted provision of the policy that it was contemplated by the parties that an appeal from a judgment might become necessary, and that appellee had the right to supersede any judgment

or part thereof not exceeding the amount of its liability of $5,000 under the policy contract. Appellant relies upon the first quoted provision of the policy and insists that the language, "judgment against the insured after actual trial," means judgment after trial by jury in the court in which the action is instituted, and not judgment after affirmance on appeal and that the company has no right to appeal.

We are unable to agree with this contention. It is our view that the term "final judgment" or "finally determined by judgment" means a judgment which shall have become final by expiration of time for appeal or by affirmance on appeal. Such terms, in the sense used in the policy, do not come within the category of "final orders" or "final judgments" of a trial court, under the rules of practice and procedure, from which an appeal may be prosecuted to the appellate court.

We are cited to no Kentucky case, nor know of none, precisely in point to the question here involved. However, such questions have been determined in other jurisdictions construing such language in a policy similar to the one at bar. In the case of Roberts v. Central Mutual Insurance Company, 285 Ill. App. 408, 2 N. E. (2d) 132, 134, the court said:

"The condition required by the statute and the bond is that the defendant shall pay all final judgments. Was the judgment for which recovery is sought in this case final when this suit was instituted? If it was not final, then defendant had not defaulted on its bond. Its obligation was to pay final judgments. * * *

"Plaintiff contends that the Legislature used the words 'final judgment' in the sense that it was a judgment from which an appeal would lie. We cannot agree with that contention. To give it such a construction would make it possible for plaintiff to maintain an action for the recovery of the amount of a judgment which might later be set aside on appeal. The absurdity of such a construction is apparent. If the court of review should reverse the judgment on the grounds no liability was shown, then the action on the bond would likewise fail, and yet, as in this case, the defendant would be put to the necessity of preventing the judgment on the bond becoming final during the pendency of the appeal in the other case. * * *

·"'Final judgment,' as used in the statute and bond, meant a judgment in which the parties no longer had a right to have it changed by the court that entered it or to have it reviewed by appeal to a court of review.

"The fact that this court has at this term filed an opinion affirming the judgment in the personal injury suit does not aid plaintiff in this case for the reason that plaintiff could not maintain her action until there was default upon the bond and under the views expressed there could not be a default until the judgment became final on appeal. The suit was premature and the court erred in striking the fourth paragraph."

See, also, to the same effect, Schroeder v. Columbia Casualty Company, 126 Misc. 205, 213 N. Y. S. 649; Fidelity & Casualty Company et al. v. Fordyce et al., 64 Ark. 174, 41 S. W. 420.

Many other cases of like effect might be cited, but we deem it unnecessary to encumber this opinion by citation of cumulative authorities. It follows from what has been said that the liability of insured's obligation to pay had not been finally determined when this action was instituted, and, therefore, the chancellor did not err in sustaining appellee's plea in abatement.

Appellant insists that in any event he was entitled to recover of appellee in the present action the amount of the judgment unsuperseded, namely, $2,724.85. This position is untenable because (a) the whole judgment was appealed from and if it should be reversed and finally determined that the insured was not obligated to pay any amount, in that event appellee would not be liable for any amount under either the policy contract or the supersedeas bond. Stated differently, if appellee should be now required to pay the unsuperseded part of the judgment, and it finally be determined that the insured is not liable for any amount, then appellee would be faced with the situation of having parted with its money and unable to collect it back from the insolvent appellant herein, whose insolvency has been presumably established by the return of the execution endorsed, "No property found."

Furthermore, appellee did not increase its liability by having superseded the judgment, since that right was provided for in the policy contract and was for the pur-

pose of protecting it under its obligation under the policy contract which in no event could exceed $5,000.

Appellant cites and relies on the case of Consolidated Underwriters et al. v. Richards' Adm'r et al., 276 Ky. 275, 124 S. W. (2d) 54. In that case the policy provided, among other things, that "The company shall * * * pay all premiums on the appeal bond required in any such defended suit. * *· *;"

However, in that case no part of the judgment was superseded, and it was held that the insurance company waived its right to rely upon the provisions of its policy prohibiting action against it until the amount of the claim had been fixed by final judgment, by failing to execute a supersedeas bond. In the present case, as has already been noted, appellee superseded the judgment to the extent of its liability—hence, there was no waiver of the provisions of the policy prohibiting any action thereon until the liability of the insured was finally determined.

Judgment affirmed.

Judge Fulton not sitting.