54 So.2d 595

**OHIO CAS. INS. CO. v. GANTT.**
6 Div. 192.

Supreme Court of Alabama.
Oct. 11, 1951.

London & Yancey and Chas. W. Greer.
Birmingham, for appellant.

264

Taylor, Higgins, Windham & Perdue,
Birmingham, for appellee.

FOSTER, Justice.

The question on this appeal is whether or not a judgment will support an equity suit by the plaintiff against defendant's liability insurance carrier when the judgment was rendered in the trial court for a fixed sum against the insured in the policy, but an appeal had been taken without supersedeas when this suit in equity was filed by plaintiff in the judgment under authority of section 12, Title 28, Code.

That statute makes a statutory hypothecation of the claim of the defendant against his insurer to protect him against liability to the extent of the coverage. George v. Employers' Liability Assur. Corp., 219 Ala. 307, 122 So. 175, 72 A.L.R. 1438; Employers' Ins. Co. of Alabama v. Johnston, 238 Ala. 26, 189 So. 58; Lorando v. Gethro, 228 Mass. 181, 117 N.E. 185, 1 A.L.R. 1374.

Section 12, supra, confers upon the injured person a right to recover against defendant's liability insurance carrier "the insurance money provided for in the contract of insurance" "upon the recovery of a final judgment against any person" if he was insured against loss or damage at the time the right of action arose.

The policy bound insurer "To pay on behalf of insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, other than passengers, caused by accident and arising out of the ownership, maintenance or use of the aircraft."

And it further provided that: "No action shall lie against the company unless, as a condition precedent thereof, the insured shall have fully complied with all of the terms of this policy, nor until the amount of insured's obligation to pay shall *have been finally determined either by judgment against insured after actual trial* or by written agreement of the insured, the claimant and the company. Any person or his legal representative who has secured such judgment or written agreement shall thereafter be entitled to recover under the terms of this policy in the same manner and to the same extent as the insured. Nothing contained in this policy shall give any person or organization any right to join the company as codefendant in any action against insured to determine insured's liability." (Italics ours.)

Plaintiff in the judgment is not seeking to enforce the assignment provided for in this clause, but only the equitable remedy and right provided in section 12, Title 28, Code. So that according to the terms of the policy defendant insured can sue the insurer who has become obligated to pay insured by reason of the liability imposed by law for damages and death because of bodily injury sustained by plaintiff arising out of the ownership, maintenance or use of the aircraft, if plaintiff was not a passenger, to the limit of $25,000, and if insured had complied with the terms of the policy, and the amount of his obligation to pay shall have been finally determined by judgment against insured after actual trial.

■■ The policy also provided that insurer shall defend any suit against insured for damages on account of such injury and pay all premiums on appeal bonds required in any such defended suit, but without obligation to apply for or furnish such bonds. So that whether insured, against whom a judgment is rendered, shall appeal is within his discretion. And if he appeals whether he will supersede the judgment is also in his discretion. It does not appear that the insurer offered to supersede the judgment on appeal or to pay the premium on

a supersedeas appeal bond. It cannot therefore complain that insured in taking the appeal did not give a supersedeas bond. If defendant, insured, had not appealed at all, there is no question but that the judgment finally fixed the obligation of insured and fastened the amount of it on insurer, if it was within the coverage.

The question now to be considered is whether there was a final judgment within the meaning of the statute, and whether the liability of the insurer to the insured had accrued.

■ Section 792, Title 7, Code, authorizes an appeal without supersedeas. When such an appeal is taken by defendant the right of plaintiff to collect the amount of the judgment is not suspended pending the appeal, and he has a right to have execution issued to force its payment. Montgomery Gaslight Co. v. Merrick, 61 Ala. 534; Garrett v. Mayfield Woolen Mills, 153 Ala. 602, 44 So. 1026. At common law security for costs had the effect of a supersedeas. Ex parte Cudd, 195 Ala. 80, 70 So. 721. But we have several statutes which change that rule. Sections 793, 794 and 795, Title 7, Code.

So that pending such an appeal, taken only by giving security for costs, "Whatever measures are necessary for the execution of the decree, it is the duty of the [trial] court, on the application of a party in interest, to pursue as if the appeal had not been taken." Ex parte Hood, 107 Ala. 520, 18 So. 176, 177; Garrett v. Mayfield Woolen Mills, supra.

■ By virtue of the statute plaintiff in the judgment had the right to condemn in equity to its satisfaction any matured claim which defendant as insured had by reason of his policy against the insurer, this appellant. So that the instant question is controlled by whether after such appeal without supersedeas, defendant in that suit could have immediately sued on a claim against appellant by reason of its liability under the policy. If defendant could have done so, plaintiff's right to subject that claim to the satisfaction of his judgment was not suspended by the appeal. But if the liability of the insurer to the insured

did not mature by the terms of the policy until there was a decision on the appeal favorable to plaintiff in the judgment, it necessarily follows that plaintiff could not condemn it to satisfy his judgment pending the appeal. In that event, there would be no matured liability to condemn.

The appellate court of Illinois treated that question in a garnishment proceeding in Ancateau for Use of Trust Co. of Chicago v. Commercial Casualty Ins. Co., 318 Ill.App. 553, 48 N.E.2d 440, 445. It was held that the rights of the insurer not a party to the suit at law should not "be measured by the same yard-stick during the pendency of an appeal as the rights of the litigants against each other," and that during such appeal the insured could not have maintained a suit on the policy by reason of its terms and, therefore, plaintiff could not enforce such claim pending the appeal.

█ In Roberts v. Central Mutual Ins. Co., 285 Ill.App. 408, 2 N.E.2d 132, plaintiff had recovered a judgment against a taxicab operator for injuries. The defendant had made liability bond pursuant to law. Plaintiff sued on the bond pending an appeal by the tort defendant. The condition of the bond was that the defendant would pay all final judgments recovered against such owner for any injury to or death of any person resulting from negligence of such owner. An appeal was taken from the judgment before suit on the bond was begun. It does not appear whether there was a supersedeas. But the statute provided that an appeal "shall constitute a continuation of the proceeding in the court below." S.H.A.Ill. ch. 110, § 198. The court held that a final judgment in the meaning of the bond meant the judgment made final on appeal, and that the suit was prematurely begun, and reversed the judgment for that reason, although the appellate court had affirmed the judgment in the tort action.

It is apparent that much effect was given to the statute which made an appeal a continuation of the proceeding in the court below. Such is not the effect of an appeal in this State. But it is the institution of a new statutory proceeding whose object is to reverse the judgment below. Anders Bros. v. Latimer, 198 Ala. 573, 73 So. 925; Ex parte Ide, 228 Ala. 452, 153 So. 887. It was said in the Ide case, supra, that there is a conflict of authority on that question. But this Court in the Anders Case, supra, took a distinct stand on it, so that the theory which supported the Roberts case, supra, has not been adopted but repudiated by our cases.

█ It is interesting to note the conflicting opinions on the subject and the variety of views expressed. Some of them relate to the inquiry of whether pending the appeal from a judgment in the tort action, when there is no supersedeas, the defendant in the tort judgment could sue the insurer on the policy and whether he was liable then and there for the immediate payment of the judgment which he had insured. That seems to us to be the appropriate inquiry. It depends upon the terms of the policy. If its effect is not to prohibit such suit it can be maintained pending an appeal without supersedeas. Montgomery Gaslight Co. v. Merrick, supra.

In the case of Consolidated Underwriters v. Richards, 276 Ky. 275, 124 S.W.2d 54, it was held that the defendant could sue pending the appeal by reason of the terms of the policy, which required the insurer not only to defend the suit against the insured but also to pay all necessary premiums on the appeal bond; and that the insolvency or bankruptcy of insured would not affect the liability of the insurer. Therefore, a suit by plaintiff in judgment against the insurer on a policy, in all material respects similar to that in the instant case, was not premature when it was begun pending appeal without superdeas.

The case of Tucker v. State Automobile Mutual Ins. Co., 280 Ky. 212, 132 S.W.2d 935, 125 A.L.R. 751, held that the insured could not sue pending such appeal, and distinguished its facts from the Richards case, supra, in that, in the latter insurer had agreed to "pay all premiums on the appeal bond required in any such defended suit." (Such is the language of the policy here involved.)

In Pape v. Red Cab Mutual Casualty Co., 128 Misc. 456, 219 N.Y.S. 135, the exact question was considered and determined. The policy provisions were practically the same as those controlling in this case. The suit by the plaintiff in judgment against the insurer was held not premature pending an appeal without supersedeas bond on such a policy of insurance. That case was cited with approval in Materazzi v. Commercial Casualty Ins. Co., 157 Misc. 365, 283 N.Y.S. 942. The principle is likewise supported by the case of Edwards v. Fidelity & Casualty Co., 11 La.App. 176, 123 So. 162.

We find there is much authority to support the theory that pending such appeal plaintiff in judgment may sue the insurer on such a policy because the insured could do so.

Some of the garnishment cases, to which we will refer, hold that a judgment against a garnishee on a tort claim, from which an appeal has been taken, does not, pending the appeal, relieve the claim of its character as one in tort and is not sufficient to subject the defendant in it to answer as garnishee. That is not our status.

Nor was that the status in Ancateau for use of Trust Co. of Chicago v. Commercial Casualty Ins. Co., 318 Ill.App. 553, 48 N.E. 2d 440. A garnishment on a judgment was issued pending an appeal from it. The garnishee was an insurer in a liability policy. The policy provision as to the liability of insurer was the same as that in the instant case. The insurer would not be liable as garnishee unless the insured, defendant in the main case, could have sued the insurer on the policy. That was the question considered. The court referred to the Materazzi case, supra, and tried to distinguish it according to the difference in the language. In the latter case the clause, as interpreted in that case, made insurer liable when judgment was rendered after trial. We fail to see such difference between the two clauses as thus interpreted. The Ancateau case, supra, also referred to Pape v. Red Cab Mutual Casualty Co., supra, and admits that it supports a conclusion different from the one there expressed. The court then cites cases which hold that garnishment directed to the defendant in a tort judgment is premature pending an appeal from the judgment against the garnishee. The cases cited are based on the idea that the appeal is a continuation of the original action, and that pending the appeal and before it is decided on appeal, it is a tort claim not subject to garnishment.

But we are not here concerned with the question of whether a defendant in a judgment based on a tort is subject to garnishment pending an appeal.

The controlling question, as we have shown, is not so much whether there was a "final judgment," as mentioned in section 12, Title 28, Code, but whether there was due to be paid to the insured by the insurer a sum fixed by the judgment from which an appeal was taken. That is, to inquire whether after such appeal defendant in the judgment, the insured, could maintain a suit on the policy against appellant, insurer, as declared by the policy. For if he could, plaintiff acquired the statutory power in equity to reach that claim notwithstanding an appeal which did not suspend the right of plaintiff to pursue any course available to collect the amount of the judgment.

There is no controversy that at the time this suit in equity was begun after the appeal, without supersedeas, there was an obligation of insured to pay plaintiff, which had been determined by judgment against him after trial.

The question immediately before us is whether such a judgment, pending such appeal, "finally determined" the obligation within the terms of the policy. We are not at the moment concerned with the term "final judgment," referred to in section 12, supra. But such judgment must be one presently collectible to be one finally determined by judgment. That can mean no more than a complete judgment which is then collectible by any and all means provided by law.

Of course that judgment stands on appeal to be reversed, but the result in this respect is no more troublesome than if the judgment had been collected on execution during the appeal which results

in a reversal. When so, the plaintiff receiving the collection of the amount of the judgment is liable to restitution of it to defendant, or as the case may be. When defendant takes an appeal without supersedeas, and plaintiff proceeds to enforce a collection of his judgment he encounters the calculated risk of having to make restitution if the judgment is reversed. Defendant in taking such an appeal assumes the calculated risk of plaintiff collecting the amount of the judgment pending the appeal and of his ability to obtain restitution if the judgment is reversed after the amount of it is collected. But at a time when plaintiff has the right and authority to collect the amount of his judgment notwithstanding an appeal, his judgment is nevertheless final justifying such collection. When its collection is justified by a judgment complete in every respect, the amount of it as an obligation by defendant is finally determined by judgment after trial, fixing the duty on the part of the insurer to pay the obligation which insured is bound by judgment to pay then and there, although the insured has the possibility of later obtaining a restitution which would inure to the benefit of the insurer. The "final determination", provided for in the policy, means no more than the "final judgment" referred to in section 12, supra. We think they both refer to a complete judgment by a court having jurisdiction to render it, and at a time when plaintiff in that judgment has a legal right to force its payment by such procedure as is available as though no appeal had been taken.

 The appeal without supersedeas suspends no right which the plaintiff in the judgment has to enforce its collection. Section 12, Title 28, Code provides a proceeding for the collection which is not suspended by appeal without supersedeas, because it does not suspend the final effect of the judgment and, therefore, the liability stands at that time finally determined, as contemplated by the policy.

 The coverage hinges on whether plaintiff, the injured party, was a passenger in the aircraft at the time of his injury. The trial court must have held that plaintiff was not a passenger and that the limit of liability was $25,000 for his injury. The coverage so provides as to one injured who is not a passenger, and fixes a limit of $5,000 for each person injured who is a passenger. The policy provides the answer, as it defines a passenger as follows: "The term 'passenger' or 'passengers' wherever used in this policy shall mean any person or persons (other than a person operating the aircraft or a member of the crew of said aircraft while in the course of their employment by the insured) while in or on or while boarding the aircraft for the purpose of riding therein or while alighting from the aircraft following a flight or attempted flight therein."

We have no difficulty in agreeing with the trial court that plaintiff was not a passenger as therein defined. The complaint, sustained by the evidence, was that defendant insured, was conducting a flight school for student airplane pilots; that plaintiff was a student pilot, using an airplane furnished by defendant, and he was injured as the proximate result of the negligence of defendant in negligently furnishing him with a defective airplane in which to make a practice flight. Plaintiff was therefore not a passenger under the definition in the policy and the limit of liability was $25,000.

The decree of the court is not subject to the contentions made as to it by appellant. It is therefore affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.