[No. 21335.  Department One.  July 23, 1928.]

MIKE NICKTOVICH, *Respondent*, v. OLYMPIC MOTOR
TRANSIT COMPANY et al., *Appellants.*[1]

[1] COURTS (32)—RULES OF COURT—OPERATION AND EFFECT.  Rem.
    Comp. Stat., § 1730-1, requiring abstracts of the record is not
    in conflict with, and therefore is not abrogated by, the rules of
    court effective January 14, 1927; in view of Rem. 1927 Sup.,
    § 13-2, limiting repeals to laws in conflict with the rules.

Motion to dismiss an appeal from a judgment of the
superior court for King county, Frater, J., entered
January 21, 1928.  Denied.

*Bronson, Jones & Bronson*, for appellants.

*George F. Vanderveer*, for respondent.

TOLMAN, J.—Respondent has moved to dismiss this
appeal upon the sole ground of the failure to serve and
file an abstract of the record in accordance with Rule
VI of this court, which was effective as of January 1,
1924.

The appellant admits the failure to prepare, serve
and file an abstract in accordance with the rule men-
tioned, and seeks to justify its failure by advancing the
argument that this court, by its later adopted rules,
covered the whole question of the practice on appeal
in this court and those rules, by their silence and the
omission of any mention of abstracts of record, in ef-
fect, repealed all previous rules and statutes requiring
such abstracts to be furnished.

We cannot sustain that contention.  The rules of
January 14, 1927, do not, and do not purport to, change,
repeal or modify any previously existing rule or stat-
ute, except such as are necessarily inconsistent there-
with.  The act of 1925, (Laws of 1925, Ex. Ses., p. 187,

[1]Reported in 269 Pac. 337.

§ 2; Rem. 1927 Sup., § 13-2), under which the last mentioned rules were adopted, provides:

"When and as the rules of courts herein authorized shall be promulgated all laws in conflict therewith shall be and become of no further force or effect."

The abstract rule of 1924 and the statute, Rem. Comp. Stat., § 1730-1 [P. C. § 7307], are not in conflict with and have never been changed or in any manner affected by anything contained in the rules adopted under the act of 1925, nor has this court ever even considered the subject of such a change. Contrary to appellant's supposition, this court has found, in a vast majority of cases, that abstracts of the record are fair, sufficient, very helpful to the court and that they "promote the speedy determination of litigation on the merits."

Assuming that appellant has sought a determination of this question in good faith, the motion to dismiss the appeal will be denied upon condition that a proper abstract of the record is prepared, served and filed in this court within twenty days from the filing of this opinion.

Motion to dismiss is denied without prejudice to its renewal, if an abstract be not filed as directed.

MITCHELL, BEALS, and PARKER, JJ., concur.

FULLERTON, C. J., concurs in the result.