CHESTER BOWLES, as Administrator of the Office of Price Administration, Plaintiff, *v.* MARTHA GLENZER, Defendant.

County Court, Monroe County, January 8, 1946.

*J. Paul Brennan* for defendant.

*Norman Lyon* and *David A. White* for plaintiff.

ROSENBERG, J.  This is a motion brought on by the defendant for an order requiring the plaintiff to give security for costs in the above-entitled action.

The courts of our State are permitted by statute to grant orders requiring a plaintiff in a civil action to give security for costs where under the statute the defendant is entitled to security for costs as a matter of right or under certain specified circumstances where the court is given discretion to grant such orders.  There is no inherent power in the court to grant such orders except as such power is conferred by statute.

This motion seeks an order pursuant to section 1522 of the Civil Practice Act on the grounds that the plaintiff is a person residing without the State of New York.  Section 1522 provides that a defendant may have such an order as a matter of right in an action wherein the plaintiff is a person residing outside of

the State of New York. The plaintiff herein is the Administrator of the Office of Price Administration and he brings this action in that capacity.

As such administrator and in that capacity, he is not an individual or a person within the meaning of the use of the term " person " in section 1522 and it is the duty of the court to take cognizance of the fact that he is the head of a Federal bureau and as such a public officer in bringing this action, neither as an individual nor as an officer of a public corporation but rather as a representative of the Government. It follows, therefore, that under the statute the court is without power to grant such a motion.

It is provided by section 1523 of the Civil Practice Act that a court may in its discretion grant an order for security for costs as against certain persons in a representative capacity. It will be noted, however, that in this section and in the enumerated representatives of whom security for costs may be demanded, there is no mention of a person bringing an action in a capacity wherein as an officer or agent he represents the Federal Government, or any State government or any subdivision thereof.

Because of the fact that the remedy sought here is one governed by statute, there is no discretionary power in the court to act beyond the provisions of the statute but rather it is the duty of the court to confine itself strictly to the provisions thereof. In the absence of express authority, such an order cannot be granted.

Accordingly, the motion of the defendant herein is denied.