[No. 31654. Department Two. September 13, 1951.]

*In the matter of the Estate of* HERBERT LEON COOPER, *Deceased.*

MINNIE B. CLARK, *as Remainderman, Appellant,* v. FLORENCE COOPER *et al., as Trustees, Respondents.*[1]

*Edward M. Hay* and *David O. Hamlin* (*Axel C. Julin,* of counsel), for appellant.

*Taylor & Revelle,* for respondents.

MALLERY, J.—Herbert Leon Cooper died testate in 1943 in Seattle, King county, Washington. His will established

[1] Reported in 235 P. (2d) 469.

a residuary trust, in which his wife had a life estate with one third of the remainder over to Minnie B. Clark, his niece. The corpus of the trust consisted of various shares of stocks and bonds appraised at twenty-one thousand dollars. He named his wife and Earl F. Townsend as trustees and gave them broad powers over the trust.

In due course, the probate of the estate was closed and the corpus of the trust turned over to the trustees.

The trustees have done all things timely and regularly which are required by the uniform trustees' accounting act, Rem. Supp. 1941, § 11548-1, *et seq.*

Remainderman, Minnie B. Clark, appeared generally and objected to the approval of the first triennial account of the trustees made pursuant to the requirements of the statute. After hearing had upon the account and the objections thereto, the court entered its order, December 20, 1947, construing the will of the deceased and approving the intermediate reports and the triennial accounting. No appeal was taken from this order.

Thereafter, the annual reports were filed and, upon the second triennial hearing to approve the subsequent reports and account, Minnie B. Clark again appeared and objected to the reports and account. The court disallowed most of her objections, entered an order approving the reports and account of the trustees and held that the matters and things raised in issue by the objections of Minnie B. Clark, as to the disposition of capital gains, had been considered and settled in the order approving the preceding triennial account dated December 20, 1947. It specifically held that "said Decree is *res adjudicata* of the said Objections of Minnie B. Clark." From this latter order, approving the second triennial account and previous annual reports, Minnie B. Clark appeals.

The appellant contends that the court had no jurisdiction of the action. This is predicated upon the theory that the court was "sitting in probate"; that the probate of the estate had been closed and never reopened; and that the subject matter of the testamentary trust is under the jurisdiction of the superior court.

It may be granted at once that the probate code does not empower the court "sitting in probate" to litigate the matters here presented, but the court did not consider itself "sitting in probate" and in its memorandum opinion said:

". . . I believe that it might be well in some way to bring this trust estate into a separate Superior Court file. . . ."

This remark was apropos of the clerk's ministerial acts and manner of filing the papers herein. We notice that the first instrument filed with the clerk of the court by the trustees was entitled:

"HERBERT L. COOPER ESTATE
"MRS. FLORENCE COOPER AND MR. EARL F. TOWNSEND, TRUSTEES."

This instrument was the inventory of the trust property received from the executrix of the estate. This instrument, tendered to the clerk of the court for filing, had his notation in handwriting at the top, "Estate of Herbert Leon Cooper No. 85750."

The next instrument filed by the trustees had the heading

"ACCOUNTING REPORT OF
"MRS. FLORENCE COOPER & EARL F. TOWNSEND
"TRUSTEES U/W HERBERT L. COOPER"

upon which the clerk of the court made the same notation as above.

The next instrument was entitled the same with the clerk's notation "Estate No. 85750."

However, on July 17, 1947, the appellant herself filed an instrument entitled as follows:

"IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING
IN PROBATE

"IN THE MATTER OF THE ESTATE OF HERBERT LEON COOPER, *Deceased*     No. 85750 OBJECTIONS AND EXCEPTIONS OF MINNIE B. CLARK TO PETITION FOR HEARING UPON INTERMEDIATE REPORTS OF TRUSTEES"

In this instrument for the first time the words "in probate" appeared on a paper filed in this cause. There is but one other instance of this in the record.

An examination of the record in this case convinces us that every person concerned, excepting the appellant and possibly the clerk of the court, considered this proceeding to be pending in the superior court. No objection was made to the title of these proceedings until the objections were made to the second triennial account from which this appeal is taken.

■ The appellant's position is not well founded. The matter was not disposed of by the court "sitting in probate." If the appellant feels aggrieved at the superior court clerk's ministerial act in filing the cause as he did, she is at liberty to take such action as to her seems appropriate to require him to segregate the probate file from the trust file and to renumber the latter.

■ In any event, the superior court acquired jurisdiction of the action upon the filing of the first report. It was not thereafter ousted by appellant's first use of the words "in probate." Any irregularity in the clerk's ministerial acts was waived by appellant's general appearance without objection thereto prior to the entry of the judgment in question.

The fact that the probate estate was closed can be of no comfort to appellant. On the contrary, it means that thereafter the court was not "sitting in probate." This limits appellant's objections to matters of mere form and ministerial irregularities capable of being waived.

The real gist of appellant's appeal is that the court misconstrued the will in its order approving the first triennial accounting. Both parties agree, and the rule is, that capital gains, under a trust such as this one, go to the remainderman rather than the life tenant, *unless* a contrary intention of the settlor is found by the court. The court having found such a contrary intention in the will and no appeal having been taken, the appellant must escape the rule of *res judicata* in order to present the issue of the settlor's intention

to this court. This she attempts to do by disputing the jurisdiction of the court.

■ Having held against appellant's contention that the court had no jurisdiction of the action, the only question remaining is: Was the order approving the first triennial accounting an appealable order or, in other words, a final judgment as to the matters therein contained? An affirmative answer appears in the uniform trustees' accounting act. Rem. Supp. 1941, § 11548-11, provides, *inter alia*:

". . . Court approvals or disapprovals of intermediate or final accounts shall be deemed final judgments in so far as the right of appeal is concerned. . . ."

Therefore, the rule of *res judicata* applies in this case. The judgment is affirmed.

SCHWELLENBACH, C. J., GRADY, HAMLEY, and WEAVER, JJ., concur.

---

January 31, 1952. Petition for rehearing denied.