Henry Clay Greenberg, J.
Plaintiff has instituted a stockholder’s derivative and representative action. Defendants have not as yet answered. At the time of the institution of the action plaintiff was the owner of 140 shares of the common stock of the corporation having a market value of $1,575. The stock ownership of the plaintiff obviously is insufficient to avoid the security requirements of section 61-b of the General Corporation Law. In order to meet the requirements of that section, plaintiff has moved this court, following a motion by the defendant to require plaintiff to post security for costs pursuant to section 61 of the General Corporation Law, to permit the intervention of other parties as plaintiffs having a total value of stock of upwards of $70,000.
It is the established law of this jurisdiction that it is not necessary that a plaintiff or plaintiffs have stock of the value of $50,000 at the time of the commencement of the action in order to avoid the provisions of section 61-b. The requirements are met if a combination of plaintiffs have stock of the value of $50,000 following a motion made by the defendants for security for costs (Baker v. Macfadden, 300 N. Y. 325).
*138 It is also the law of the State that a stockholder is required to own stock in such an action at the time of the wrong complained of. The plaintiff, Perry, is such a stockholder but it appears from the dates of acquisition set forth in the moving papers that the applicants did not own $50,000 worth of stock at the time of all of the acts complained of. The defendants contend that it is not sufficient to satisfy the requirements of section 61-b that plaintiffs collect $50,000 worth of stock for the entire action. They urge that since there is more than one cause of action set forth in the complaint, they must be viewed as separate and distinct causes of action, and that to obtain exemption from the security requirements the applicants must have owned more than $50,000 worth of stock with respect to each cause of action at the time of the acts complained of. The defendants press this point on the basis of their argument that the requirement of section 61 as amended should be read into the provisions of section 61-b.
It would be a laboring of the issue to write at length on this point, as this court concludes that the defendants’ contention has already been decided adversely to them. (See Noel Associates v. Merrill, 184 Misc. 646, 655-656, 658.) In that case the late Mr. Justice Shientag held in effect that there were substantial distinctions between the amendments to section 61 and section 61-b:
“ Section 61-b, although of course dealing with the same subject matter and closely related to section 61, was designed to remedy the situation where, although a plaintiff was qualified to bring the suit- — namely, he owned some stock as of the time of the commission of the wrongful acts charged in the complaint —his financial interest in the corporation was so small as to raise a presumption that he was motivated by interests of personal, selfish gain, rather than by concern for the welfare of the corporation and its stockholders generally. The Legislature fixed a figure of 5% of the outstanding stock or $50,000 of market value, which, in its judgment, would indicate that a plaintiff had a legitimate financial stake in the corporation to warrant the institution or maintenance of an action without furnishing security for reasonable expenses and costs if the litigation should turn out to be unfounded.
“ Section 61-b on this point is unambiguous on its face; its meaning is plain. It contains no reference to section 61. It simply deals with the amount of stockholdings, not with the time when the stock was acquired. There is no reason why the court should read something into a statute which is not there *139 and which the Legislature easily could have included, if it had desired to do so.
“ The amendment to section 61 was, as has been said, taken verbatim from the rule of the Federal courts which had existed for many years. There never has been a requirement in the Federal courts that security be furnished by stockholders instituting derivative actions, irrespective of how small their holdings may be. The two problems are separate and distinct.
‘ ‘ If the Legislature had intended that the condition determining the right of a plaintiff to bring an action under section 61 be read into the conditions determining the right of a defendant to obtain security under section 61-b- — - namely, that in both respects all the shares owned by the plaintiff shall have been owned at the time of the wrongs complained of — the Legislature could have spoken clearly to that effect.
“ (2) "Whether or not section 61 is retroactive, its requirement as to stock ownership should not be read into the provisions of section 61-b.”
The principle enunciated in that case has not been repudiated by any appellate court, and it has been followed in Kaufman v. Wolfson (N. Y. L. J., Jan. 27,1956, p. 7, col. 1); Bako Realty v. Hays (N. Y. L. J., Oct. 19,1954, p. 7, col. 3); Auerbach v. Feder (115 N. Y. S. 2d 67).
In the light of the fact that some of the stock was owned by the plaintiff at the time of the commission of at least one of the wrongs complained of, set forth in one of the causes of action, the requirements of both sections 61 and 61-b have been satisfied.
The applicants have made out an adequate case for intervention, and accordingly the motion is in all respects granted and the stay dated December 11, 1957 is vacated.
Settle order.