JACK AMDUR et al., Appellants, v. MALCOLM MEYER et al., Defendants, and BESTWALL GYPSUM COMPANY, Respondent.

First Department, January 29, 1963.

*Philip Mandel* of counsel (*Golden, Wienshienk, Rosenthal & Mandel* with him on the brief; *Louis C. Fieland,* attorney), for appellants.

*Robert S. Groban* of counsel (*Martin Novack* with him on the on the brief; *Groban & Rava,* attorneys), for respondent.

STEUER, J. In this stockholders' derivative action plaintiffs appeal from an order of Special Term granting the corporate defendant's motion requiring plaintiffs to post security for costs. Important considerations are the status of the action at the time the application was made to Special Term and the history of the applications for similar relief by the corporate defendant. As to the status of the action, in November, 1960 the only individual defendant served moved for summary judgment. The motion was denied at Special Term (28 Misc 2d 855) but the order was reversed (15 A D 2d 425) in this court and judgment pursuant thereto was entered dismissing the complaint in April, 1962. From this judgment plaintiffs have appealed to the Court of Appeals and that appeal is now pending. The Court of Appeals has, however, stayed the appeal on the judgment pending compliance with the order which is the subject of the instant appeal. (12 N Y 2d 710.) Coming now to the history of prior applications for security in this action, the record reveals that in July, 1960 application was made to Special Term to require plaintiffs to post security. The motion was granted and plaintiffs were directed to file security in the sum of $35,000, pursuant to section 61-b of the General Corporation Law. In the following month plaintiffs applied to allow the intervention of an additional plaintiff, which application was granted. The holdings of the stock of this intervenor, plus the holdings of the original plaintiffs, brought the total market value of the securities above $50,000, and at a showing to this effect Special Term vacated the prior order for security. This application was made after the entry of the judgment dismissing the complaint. There was an adequate showing that plaintiffs

had disposed of a quantity of their stock and the balance held by them had a market value of less than $50,000.

Section 64 of the General Corporation Law provides that any person sued as a director, officer, or employee of a corporation may have the expenses of his defense, including appeals, assessed against the corporation. Section 61-b of the same law provides that in a suit maintained in the right of a corporation by a stockholder or stockholders of less than 5% of the outstanding stock, or of stock having a market value of less than $50,000, the corporation may at any stage prior to final judgment require the plaintiffs to file security for its reasonable expenses, including the expenses to which it may be put by virtue of the above-mentioned provisions of section 64.

The words " at any stage of the proceedings before final judgment " in section 61-b, defining when the application to post security may be made, refer to the entry of final judgment in the Supreme Court (*Matter of Bailey* [*Bush Term. Co.*], 265 App. Div. 758, affd. 291 N. Y. 534). It is true that the cited authorities defined the words as they appeared in a prior statute since repealed (former § 61-a, repealed by L. 1945, ch. 869), but there is no indication in the present statute that the words have any different meaning, or any meaning different from what they have meant in other statutory or legal phraseology. And that meaning is: the mandate which determines the rights of the parties (*Matter of City of New York,* 264 N. Y. 319).

It follows that the application must be made before final judgment. And if the order of Special Term under review was the determination on the original application for relief of this nature, the fact that it was made after final judgment would be fatal. But if the prior proceedings are considered this would not be the effect. During the pendency of the action the plaintiffs may acquire or dispose of stock or the stockholdings of several plaintiffs may be increased by the addition of intervenors or decreased by a plaintiff withdrawing from the action. Such changes have been the grounds for changing the disposition previously made as to whether security was required (*Perry* v. *Shahmoon Ind.,* 11 Misc 2d 137, affd. 6 A D 2d 1010). It would naturally follow that if a change in circumstance of stockholding would enable plaintiffs to vacate an order requiring them to post security, a corresponding change should enable the corporation, in a converse situation, to require security where the original situation excused plaintiffs from posting security. The justice of the reasoning is well illustrated by the course of this litigation. Originally the plaintiffs lacked a sufficient holding to enable them to prosecute the action without posting

security. They were able to induce sufficient other stock interests to join them, and they were relieved of the necessity, theretofore imposed, to put up security. When the course of the litigation took a turn unfavorable to the plaintiffs, they disposed of such a quantity of their holdings as to bring them below the prescribed interest. It is clearly shown that the very evil the statute was designed to avoid permeated the action—namely, a suit for personal gain brought ostensibly on behalf of the corporation (see Governor's Memorandum affirming the enactment of section 61-b; L. 1944, ch. 668; Public Papers of Governor Thomas E. Dewey, 1944, p. 255). If plaintiffs' position is sound in law, having once procured an order vacating a provision for security, they may, after an adverse decision, pursue an appeal although their interest in the corporation has fallen below the level which the Legislature has fixed as determining whether their interest represents a genuine concern as to the corporate affairs.

We believe that the proper interpretation of the restriction imposed in section 61-b that the application for security be made before final judgment refers to an original application. The mere fact that intervening developments have resulted in relieving plaintiffs of the statutory requirement does not change this. In effect the application is one to further amend the original order, and there is no restriction on when this may be done, and Special Term correctly so held.

Plaintiffs-appellants further complain that the provision for security for expenses in section 61-b refers to expenses to be incurred by the corporation after the application is made rather than the expenses of the entire litigation, and that the court erred in making provision for the latter. We do not deem it necessary to determine at this time whether plaintiffs' contention is based upon a correct interpretation of the law. Admittedly there is nothing in the wording of the order that provides for expenses already incurred. The claim is that the amount of security ordered so indicates. We do not find the amount so extravagant that such an inference must necessarily be drawn, and the question of what expenses are secured can be left until such time as the issue is properly raised.

The order should be affirmed.

EAGER, J. (dissenting). We dissent, and would reverse the order appealed from and deny the motion requiring the plaintiffs to furnish security pursuant to the provisions of section 61-b of the General Corporation Law. The right to require security for the costs of an action is regarded as wholly statutory. " [A]uthority therefor must be found in the statute, or it does not exist." (*Republic of Honduras* v. *Soto,* 112 N. Y. 310, 313.

Also *Turmelle* v. *Jefferson,* 166 Misc. 70.) " [T]here is no discretionary power in the court to act beyond the provisions of the statute but rather it is the duty of the court to confine itself strictly to the provisions thereof ". (*Bowles* v. *Glenzer,* 186 Misc. 362, 363.)

The statute here declares that the corporation in whose right the stockholders' action is brought is entitled " at any stage of the proceedings before final judgment " to require plaintiffs to give security for costs. (General Corporation Law, § 61-b.) We agree with the majority that these words of the statute refer to the time of entry of final judgment in the Supreme Court (*Matter of Bailey* [*Bush Term. Co.*], 265 App. Div. 758, affd. 291 N. Y. 534). Such " final judgment " having been rendered in this action, we would hold that there is no authority in the court at this time to require the giving of security by the plaintiffs.

Here, the prior motion for security, made before judgment, was finally disposed of by the vacatur of the order granting such motion and by a determination that the plaintiffs were not required to give security. And, as we understand it, it is conceded that, to the time of the rendition of final judgment, the plaintiffs continued to own shares of the corporate defendant having a market value in excess of $50,000. So, therefore, prior to such judgment, the corporation had no right to security. Nevertheless, the majority has concluded that the application now made may, in order to give the court jurisdiction, be treated as one to further amend the order which disposed of the original application, " and there is no restriction on when this may be done ". But, clearly, here the order now granted after final judgment was not merely an amending order. (See 1 Carmody-Wait, New York Practice, §§ 127–132, pp. 717–721.) It is a new order on a *de novo* independent application and, in fact, is dependent upon facts occurring subsequent to final judgment. Thus, it is beyond the authority of the statute, which as we read it, is written to allow applications for security prior to final judgment based upon conditions then existing.

The effect of the determination of the majority is to enlarge the statute to cover a situation not considered and provided for by the Legislature, namely, the right to require security after " final judgment " and pending appeal. If there is a defect in the statute in this connection, it must be corrected by legislation.

BOTEIN, P. J., and BREITEL, J., concur with STEUER, J.; EAGER, J., dissents in opinion in which VALENTE, J., concurs.

Order, entered on September 20, 1962, affirmed, with $20 costs and disbursements to respondent.