[No. 36696.   En Banc.   September 19, 1963.]

In the Matter of the CASE H-708.
G. RUSSELL CURTIS, *Complainant*, WASHINGTON STATE BOARD AGAINST DISCRIMINATION, *Respondent*, v. INTERLAKE REALTY, INC., *et al.*, *Appellants*.*

*Bogle, Bogle & Gates, Orlo B. Kellogg*, and *Donald L. Johnson*, for appellants.

*The Attorney General, Gene Godderis, Elihu Hurwitz*, and *Morton M. Tytler, Assistants*, for respondent.

*Cartano, Botzer & Chapman, Douglas J. Smith, Murray B. Guterson, Howard P. Pruzan*, and *Alvin J. Ziontz*, amici curiae.

DONWORTH, J.—This appeal arises under RCW chapter 49.60, which the legislature has designated the "law against discrimination." More specifically, it is an appeal from an order entered by the superior court directing Richard L. Ferchaud, one of the appellants, to appear before the Washington State Board Against Discrimination (herein called the Board) to testify in response to its subpoena relative to the complaint of G. Russell Curtis, which is described below.

*Reported in 385 P. (2d) 37.

The complainant, who is a Negro, initiated these proceedings by filing with the Board a complaint consisting of a mimeographed form in which he stated that he had been discriminated against by Interlake Realty, Inc., because of his race, "in publicly-assisted housing."[1]

Briefly stated, it was alleged, in Mr. Curtis' complaint, that he had been unable to purchase any of three certain homes located in Bellevue (described therein by street address) which he had seen advertised for sale by Interlake Realty, Inc., in a Seattle newspaper. It was further alleged that Richard L. Ferchaud, one of its salesmen, on February 8, 1961, had failed to keep an appointment made by telephone with Mr. Curtis to show him and his wife these houses. Later on the same day, Mr. Ferchaud telephoned Mr. Curtis and offered to show them the houses. He then drove them in his car to see the houses, which at that time had "for sale" signs displayed on them. They discussed the Curtises' qualifications as potential buyers and the terms of sale. Mr. Curtis stated to Mr. Ferchaud that they were definitely interested in buying one of the houses, and Mr. Ferchaud made an appointment to come to their home the following evening to discuss the matter, but failed to do so. The next day Mr. Curtis went by the houses, and they all had "sold" signs on them. He contacted other representatives of Interlake Realty, Inc., but nothing resulted from his attempts to purchase a house. Mr. Curtis' complaint concluded with the statement: "I believe that we were discriminated against by the Interlake Realty because of our race."

Pursuant to its statutory powers and duties (RCW 49.60-.120 (4) and .240), the Board, in investigating this complaint, designated Glen E. Mansfield, one of its investigators, to

---

[1] The provisions of RCW 49.60, relating to discrimination in publicly-assisted housing, were later held void by this court, *O'Meara v. Board Against Discrimination*, 58 Wn. (2d) 793, 365 P. (2d) 1 (1961).

Subsequently, this theory of the case was abandoned, and the contention was made by the Board that the provisions of RCW 49.60.215, relating to unfair practices in any place of public resort, accommodation, etc., as defined in RCW 49.60.040, applied.

ascertain the facts. He contacted the attorneys representing Interlake Realty, Inc., and finally, on May 24, 1961, served a subpoena and a subpoena duces tecum on Mr. Ferchaud, in accordance with RCW 49.60.140. Mr. Ferchaud refused to appear before the Board in response thereto, allegedly on the advice of his attorneys.

RCW 49.60.150 and .160 provide:

"No person shall be excused from attending and testifying or from producing records, correspondence, documents or other evidence in obedience to the subpoena of the board or of any individual member, on the ground that the testimony or evidence required of him may tend to incriminate him or subject him to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he is compelled, after having claimed his privilege against self-incrimination, to testify or produce evidence, except that such person so testifying shall not be exempt from prosecution and punishment for perjury committed in so testifying. The immunity herein provided shall extend only to natural persons so compelled to testify." RCW 49.60.150.

"In case of contumacy or refusal to obey a subpoena issued to any person, the superior court of any county within the jurisdiction of which the investigation, proceeding, or hearing is carried on or within the jurisdiction of which the person guilty of contumacy or refusal to obey is found or resides or transacts business, upon application by the board shall have jurisdiction to issue to such person an order requiring such person to appear before the board, its member, agent, or agency, there to produce evidence if so ordered, or there to give testimony touching the matter under investigation or in question. Any failure to obey such order of the court may be punished by the court as a contempt thereof." RCW 49.60.160.

As the result of Mr. Ferchaud's refusal to appear, the Board, on June 19, 1961, filed in the superior court a motion for an order requiring him to obey the subpoena.

After a hearing, the court, on September 21, 1961, entered an order directing Mr. Ferchaud to appear before the Board on October 6, 1961, to produce evidence or to give testi-

mony, if so ordered, touching upon any matter under investigation concerning the complaint of G. Russell Curtis.

Because of our decision in the *O'Meara* case (see note 1), this order was vacated October 5, 1961, and the cause was set down for further argument.

April 13, 1962, a further hearing was held in the superior court. At the conclusion of the hearing, the court orally announced its decision. The trial judge first reviewed the prior proceedings in the case as follows:

"The Court: The issue presented in this matter is actually rather limited, because it arises under a motion made by the Attorney General on behalf of the Washngton State Board Against Discrimination to require a witness to appear in response to a subpoena.

"In June, 1961, the petitioner, the Board, moved the Court for an order to require Mr. Richard Ferchaud, real estate salesman, to appear before the Board to produce evidence or give testimony touching on any matter under investigation concerning the complaint of Mr. G. Russell Curtis.

"Mr. Ferchaud has not appeared and has, in effect, asked that the proceeding be dismissed and the order of the Board quashed so that he will not have to give any evidence.

"The history of this case shows that in September, 1961, this Court entered an order directing Mr. Ferchaud to appear and produce evidence or give testimony, and that that order was vacated on October 5, and the cause was set down for further argument at a later date. After various postponements, this is the later date.

"The reason for the vacation was the decision in the case of *O'Meara v. Washington State Board Against Discrimination*, decided September 29, 1961. The basis for the prior order was that federally supported housing was involved and the State Supreme Court has now indicated that that portion of the act is unconstitutional and the Court is now presented with the proposition that the state law has other provisions under which this complaint properly comes.

"Specifically, it is contended that the statute pertaining to places of public accommodation prohibits any act of discrimination and that the respondent, Interlake Realty, Incorporated, is operating a place of public accommodation within the meaning of the statute."

After discussing certain authorities, the court concluded:

"Therefore, the motion to quash will be denied and the order requested by the petitioner will be issued. I think it should be made clear that the Court does not decree that the defendant has been guilty of any violation, nor that Interlake Realty Company or Mr. Ferchaud are obliged to sell or show any particular properties. All I am deciding is that Mr. Ferchaud should appear at the time and place and answer questions. . . ."

On May 3, 1962, the trial court entered the order from which this appeal is taken. The trial court directed Mr. Ferchaud to appear before the Board at a certain time and place to produce evidence and testify, if so ordered, regarding Mr. Curtis' complaint. The court made a finding that Interlake Realty, Inc., is a place of public accommodation as defined in RCW chapter 49.60, and that Mr. Curtis had alleged an act of discrimination against the corporation and its agent (Mr. Ferchaud), the investigation of which is within the jurisdiction of the Board.

The attorney general representing the respondent Board has moved to dismiss this appeal, because the order appealed from is not a final judgment within the meaning of Rule on Appeal 14 (RCW Vol. 0), the first portion of which reads as follows:

"Any party aggrieved may appeal to the supreme court in the mode prescribed in these rules from any and every of the following determinations, and no others, made by the superior court, or the judge thereof, in any action or proceeding:

"(1) From the final judgment entered in any action or proceeding. An appeal from any such final judgment shall also bring up for review any order made in the same action or proceeding either before or after the judgment. The record sent up on the appeal, or any supplementary record sent up before the hearing thereof, shall show such order sufficiently for the purposes of a review thereof; . . ."

In his argument in support of this motion, the attorney general states in his brief:

"This appeal is from an order of the Superior Court compelling a witness to testify in an investigation by the Board Against Discrimination based on a complaint before the Board. There is no authority in Rule 14 for appeal from

such an order unless it is considered a 'final judgment.' In reality, it is not a final judgment but is a step in a statutory administrative and judicial proceeding with extensive provisions for review of final determinations. See RCW 49.60-.230, .240, .140, .160, .250, .255, .270, and .260. The order is most closely akin to a discovery order, and is not immediately reviewable for the same policy against piecemeal review that makes discovery orders appealable only from a final judgment. See *State ex rel. Smith v. Jones*, 149 Wash. 614, 271 Pac. 1005 (1928); *State ex rel. Seattle Gen. Contr. Co. v. Superior Court*, 56 Wash. 649, 106 Pac. 150 (1910)."

In opposing this motion to dismiss the appeal, appellants state that they are aware of no decision of this court interpreting Rule on Appeal 14 with respect to a court order of the character of the one from which the present appeal was taken. They cite several decisions of federal courts enforcing the demands of federal administrative agencies to compel testimony or the production of documents in connection with their hearings. Appellants argue that in such cases the federal statutes authorize the courts to compel compliance with such demands and to punish the recalcitrant party by holding him in contempt for noncompliance. Thus they contend that in this case the court's order is "final" because, as stated in *Ellis v. Interstate Commerce Comm.*, 237 U. S. 434, 59 L. Ed. 1036, 35 S. Ct. 645 (1915), "it is the end of a proceeding begun against the witness."

In our case, the object of the proceeding under our law against discrimination is to obtain a final, appealable order on the merits relating to enforcement orders *entered by the superior court*. In subdivision (3) of RCW 49.60.260, relating to appeals to the Supreme Court, it is provided:

"The jurisdiction of the court shall be exclusive and its judgment and decree shall be final, except that the same shall be subject to a review by the supreme court, on appeal, by either party, irrespective of the nature of the decree or judgment. Such appeal shall be taken and prosecuted in the same manner and form and with the same effect as is provided in other cases of appeal to the supreme court, and the record so certified shall contain all that was before the lower court."

The elaborate procedure set up by the legislature in the law against discrimination starts with the filing of the informal complaint by the alleged victim with the Board, followed by an investigation by an agent of the Board. If an attempt to settle the matter by voluntary agreement fails, the Board is authorized to hold a hearing to determine whether the respondent has engaged in any unfair discriminatory practice. If the Board finds from the evidence before it that the respondent has engaged therein, it may issue an order to cease and desist such practice or compel the respondent to take certain affirmative action in the premises.

If this order is not complied with, the Board may petition the superior court in the proper county for the enforcement of the order. The Board's findings of fact are conclusive if based on substantial and competent evidence. The judgment of the superior court is final except for an appeal to this court. The statute above quoted provides that such appeals shall be taken in the same manner and form and with the same effect "as in other cases of appeal to the supreme court."

Thus the legislature has provided for an appeal to this court in discrimination cases *only* from the final judgment of the superior court containing an enforcement order rendered after a hearing on the merits of the controversy.

■ In addition to this reason, this court has many times announced that it will not decide cases piecemeal. *Owens v. Kuro*, 56 Wn. (2d) 564, 354 P. (2d) 696 (1960); *Crosthwaite v. Crosthwaite*, 56 Wn. (2d) 838, 358 P. (2d) 978 (1960); *Hontz v. White*, 56 Wn. (2d) 538, 348 P. (2d) 420 (1960); *Maybury v. Seattle*, 53 Wn. (2d) 716, 336 P. (2d) 878 (1959).

Since the trial court's order from which this appeal has been taken is not a final judgment within the purview of Rule on Appeal 14, the Board's motion to dismiss appellant's appeal in this case must be granted.

Appeal dismissed.

ALL CONCUR.