Ben MARKS and Harry Bosworth,
Plaintiffs,

v.

George SEEDMAN, Times Square Tele-
vision Corporation, the Seedman Com-
pany, Inc., Union Cycle Co. Ltd., Moly
Motor Products Corporation, Gotham
Products Corp., Jameseed Realty Corp.
and Times Square Stores Corporation,
Defendants.

No. 67 Civ. 1654.

United States District Court,
S. D. New York.

Aug. 28, 1969.

Pollack, Greenspoon & Singer, New
York City, for plaintiffs; Barry H.
Singer, Martin I. Kaminsky, New York
City, of counsel.

Bondy & Schloss, New York City, for
defendant Times Square etc.; I. Russell
Stein, Robert Shapiro, New York City,
of counsel.

MEMORANDUM

COOPER, District Judge.

■■ Defendants [1] move this Court pursuant to § 627 of the New York Business Corporation Law, McKinney's Consol.Laws, c. 4, for an order (a) requiring plaintiffs to post security in the amount of $75,000, (b) staying all further proceedings on behalf of plaintiffs pending the deposit of such security, and (c) directing the Clerk of the Court, upon proof by affidavit from Times Square Stores Corporation (hereinafter TSS) that plaintiffs have failed to post the security, to enter judgment dismissing the action as to all defendants with costs. Motion granted to the extent hereinafter indicated.

Unless the stock owned by plaintiffs either constitutes more than 5% of any class of the outstanding stock of TSS or has a fair value of more than $50,000, TSS is entitled to the posting of security for its expenses in the action.

■■ While plaintiffs held more than 5% of the outstanding preferred stock of TSS at the inception of this action, all of their preferred shares were redeemed by the corporation prior to the return date of the instant motion.[2] Under the facts of the instant case we hold such redemption terminated plaintiffs' security-free status. In reaching this result we place great weight on the fact that the second cause of action embodied in plaintiffs' complaint sought to compel TSS to redeem all of its issued and outstanding preferred stock.[3] Having brought a legal action to compel redemption, plaintiffs should not be heard to complain when that very relief is voluntarily granted by the corporation.

The holding in Roach v. Franchises International, Inc., 32 A.D.2d 247, 300 N.Y.S.2d 630 (1969), does not support plaintiffs' position. Unlike *Roach,* here plaintiffs took affirmative action to have their stock redeemed. Having met the percentage requirement at the time of institution of suit, plaintiffs did not seek to "conserve their stockholdings thereafter." *Id.* at 635.

■ Regardless of the date on which we value plaintiffs' holdings of TSS common stock,[4] we are satisfied that such shares do not have a fair value in excess of $50,000. We are not persuaded by plaintiffs' contention that the redemption of preferred stock resulted in a material increase in the value of the common stock. Further, assuming *arguendo,* the validity of valuing a minority shareholder's stock in a closely held corporation by comparing the price-earnings ratio of a publicly-held competitor,[5] plaintiffs' calculations purporting to show the value of their common stock to be above $50,000 are far from conclusive and have been well rebutted in the Affidavit of I. Russell Stein, verified March 19, 1969, at pp. 5–7.

---

1. While the instant motion is brought by all defendants, we note that only the corporation in whose right the stockholder's derivative action is brought (here Times Square Stores Corporation) can require plaintiffs to give security. The other corporate and individual defendants have no standing to invoke § 627 of the New York Business Corporation Law. See Sorin v. Shahmoon Industries, Inc., 30 Misc.2d 408, 429, 220 N.Y.S.2d 760, 786 (Sup.Ct.1961).

2. While plaintiffs have not as yet surrendered their preferred stock to the redemption agent, TSS's Certificate of Incorporation provides that after the redemption date (February 15, 1969) the holder of preferred shares "shall cease to have any rights as a stockholder." (Affidavit of I. Russell Stein, verified March 19, 1969, Schedule A—page 2.)

3. The second cause of action was dismissed as a class action on defendants' motion for summary judgment. See Memorandum of Bryan, J., dated October 7, 1968.

4. Contrast Sorin v. Shahmoon Industries, Inc., 30 Misc.2d 408, 429, 220 N.Y.S.2d 760 (Sup.Ct.1961), with Roach v. Franchises International, Inc., 32 A.D.2d 247, 300 N.Y.S.2d 630 (1969).

5. With many reservations, we have assumed for the sake of argument that Spartan Industries is a sufficiently similar publicly held company to warrant using its price-earnings ratio.

**334**

Since plaintiffs have satisfied neither the minimum stockholdings requirement nor the monetary value requirement of § 627, TSS is entitled to the posting of security for its expenses in the action.

 In determining the amount of security to be posted by plaintiffs, we have taken into consideration: (1) TSS would appear to be a nominal party defendant since there is no basis in the record before us for a definitive conclusion that its interests are threatened by the relief sought in the first cause of action of the complaint.[6] (2) If successful in defending this action, George Seedman in all likelihood will be entitled to indemnification from TSS since he apparently is being sued in his fiduciary capacity. See N.Y. Business Corporation Law §§ 722, 724, and 725. (3) The prime thrust of the first cause of action is directed against the activities of George Seedman and therefore it is anticipated that the burden of defense will rest largely with him. (4) 600 hours of defense counsel's time are alleged to have been expended already in defending this action. We are compelled to note however that defense counsel has not broken down the time expended so as to indicate what portion was devoted to the defense of Seedman and how much to the defense of his wholly-owned corporations; further, there is no indication of the amount of counsel's time addressed to the second clause of action— a nonderivative action. (5) Accounting services rendered and to be rendered in this matter. (6) The usual and ordinary expenses incurred in litigation of this nature.

Based upon the above considerations, plaintiffs shall furnish security in the sum of $30,000. Pending the posting of such security, all proceedings by plaintiffs shall be stayed. This decision is without prejudice to the right of a proper party to move for a modification of the amount of such security "upon

showing that the security provided has or may become inadequate or excessive." N.Y. Business Corporation Law § 627.

Settle order on notice within five (5) days from the date hereof.

---

6. See Goldstein v. Weisman, 185 F.Supp. 242 (S.D.N.Y.1960); Fuller v. American Machine & Foundry Co., 91 F.Supp. 710 (S.D.N.Y.1950).