[No. 713-3. Division Three. June 17, 1974.]

THOMAS MALOTT, *Plaintiff*, v. LESTER J. RANDALL *et al.*,
*Respondents*, EMIL HEBER, *Appellant*.

*Francis Conklin*, for appellant.

*James P. Connelly* (of *Winston, Cashatt, Repsold, Mc-*

*Nichols, Connelly & Driscoll*), *William G. Ennis* (of *Ennis & Klobucher*), and *Michael J. Hemovich* (of *Bantz & Hemovich*), for respondents.

MUNSON, J. — This is an action, commenced as a derivative shareholders' suit, on behalf of Hecla Mining Company. The original plaintiff, Thomas Malott, owned shares of stock of a value in excess of $25,000. Emil Heber, the intervenor, owned stock of a value of $2,575 as of the date he intervened. The trial court found against plaintiff and the intervenor. Only the intervenor, Emil Heber, has appealed.

Respondent Hecla Mining Company, subsequent to the reinstatement of this appeal, *Malott v. Randall,* 83 Wn.2d 259, 517 P.2d 605 (1974), filed an original motion in this court, seeking an order:

(1) Requiring plaintiff in intervention, the appellant herein, to give security pursuant to RCW 23A.08.460;

(2) Staying further proceedings until a deposit of said security had been made; and

(3) Directing that failure to give such security within the time and manner directed would result in the dismissal of respondent Hecla Mining Company from this appeal with costs.

Appellant Heber's arguments in opposition to this motion shall be discussed seriatim.

RCW 23A.08.460 states in part:

> In any action now pending or hereafter instituted or maintained in the right of any domestic or foreign corporation by the holder or holders of record of less than five percent of the outstanding shares of any class of such corporation or of voting trust certificates therefor, unless the shares or voting trust certificates so held have a market value in excess of twenty-five thousand dollars, the corporation in whose right such action is brought shall be entitled *at any time before final judgment* to require the plaintiff or plaintiffs to give security for the

reasonable expenses, including fees of attorneys, that may be incurred by it in connection with such action or may be incurred by other parties named as defendant for which it may become legally liable.

(Italics ours.)

Appellant admits he owns less than 5 percent of the outstanding stock of Hecla Mining Company, and that the value thereof is less than $25,000.

The primary issue centers around an interpretation of the words "final judgment" as that term is used in RCW 23A.08.460. Appellant contends that the term "final judgment," as used in RCW 23A.08.460, means the final judgment in the trial court; consequently, respondent's motion for security filed during this appeal is not timely. Respondent contends that appellant, by this appeal, is maintaining an action, *Sparkman & McLean Co. v. Govan Inv. Trust*, 78 Wn.2d 584, 478 P.2d 232 (1970); hence, the trial court's judgment is not yet final and security can be requested.

In *Haaga v. Saginaw Logging Co.*, 170 Wash. 93, 15 P.2d 655 (1932), the court held that a judgment does not become final until affirmed by the Supreme Court. In *State v. Wachsmith*, 4 Wn. App. 91, 95, 479 P.2d 943 (1971), this court, in interpreting the meaning of "final judgment," as that term is used in RCW 8.04.090 (an eminent domain proceeding), held that a judgment "does not become final until final disposition on appeal."[1] It is apparent that in this jurisdiction the words "final judgment" mean that judgment which shall have become final by expiration of the

---

[1]Authority can be cited for the proposition that the term "final judgment" means a judgment entered by the trial court. CAROA 14(1) allows for an appeal from the final judgment entered in any action or proceeding. In this same context, RCW 4.56.010 defines judgment as the final determination of the rights of the parties in the action. *See also In re Case H-708*, 62 Wn.2d 928, 385 P.2d 37 (1963); *In re Estate of Cooper*, 39 Wn.2d 407, 235 P.2d 469 (1951); *In re Estate of Moore*, 36 Wn.2d 854, 220 P.2d 1079 (1950); *Nestegard v. Investment Exch. Corp.*, 5 Wn. App. 618, 489 P.2d 1142 (1971). It is clear that these statutes, rules and decisions speak of a final judgment only insofar as the right of appeal is concerned. They are not relevant to an interpretation of the term "final judgment" as used in RCW 23A.08.460.

time for appeal or by affirmance on appeal,[2] when used in a connotation other than the right to appeal.

■■■ We believe the legislature intended this statute to apply: (a) when the amount of the plaintiff and/or intervenor's stock is less than 5 percent of the outstanding shares and has a value not in excess of $25,000; or (b) where one or more of several plaintiffs chooses not to continue litigation and the percentage or value of the stock held by the remaining plaintiffs is below either of the minimum amounts. The corporation has the right to seek security for the costs it would incur, *Marks v. Seedman,* 309 F. Supp. 332 (S.D.N.Y. 1969), provided such reduction was not the result of any act of the corporation. *Roach v. Franchises Int'l, Inc.,* 32 App. Div. 2d 247, 300 N.Y.S.2d 630 (1969).

■■■ The appellant next contends that the equities are not in respondent's favor; respondent should not be rewarded by its lack of diligence and laches in filing the motion for security approximately 20 months after entry of the final judgment. To the contrary, since the entry of the judgment, sometime in 1972, these parties have been before the Superior Court on two occasions, and the Supreme Court once. All appearances had to do with whether a valid

---

[2]*Cf. Tucker v. State Auto. Mut. Ins. Co.,* 280 Ky. 212, 132 S.W.2d 935, 125 A.L.R. 751 (1939).

There is authority in other jurisdictions for the proposition that the term final judgment as used in security provisions, means the final judgment in the trial court. In *Amdur v. Meyer,* 17 App. Div. 2d 571, 237 N.Y.S.2d 352 (1963), *aff'd,* 196 N.E.2d 63 (1963), the court so held. The same result and reasoning was cited in *Kometscher v. Wade,* 177 Neb. 299, 128 N.W.2d 781, 787 (1964). In *Amdur v. Meyer, supra,* the original motion for security had been made and was granted at the trial level; subsequently additional plaintiffs intervened. Their stockholdings raised the total value over the minimum and the order for security was vacated. After the trial court's decision and while the case was on appeal, the valuation of the stockholdings of the remaining appellants was below the minimum value and the court reinstated the order requiring the posting of security. The court held that an original motion for security must be made before final judgment in the trial court, but treated the request for security on appeal as an amendment to the original order and ordered security posted.

appeal had been instituted. As soon as that issue reached final disposition, respondent promptly filed this motion. Respondent has been diligent.

Appellant next challenges the constitutionality of RCW 23A.08.460 under article 4, section 30 of the Washington State Constitution, in light of *Iverson v. Marine Bancorporation*, 83 Wn.2d 163, 167, 517 P.2d 197 (1973). There our Supreme Court held: "The administration of justice demands that the doors of the judicial system be open to the indigent as well as to those who can afford to pay the costs of pursuing judicial relief." As that argument relates to this case, it is without merit. No evidence has been presented supporting an assertion that the appellant is indigent.

In the same vein, appellant urges he is protected by the due process clause of the Fourteenth Amendment as that clause has been interpreted in *Boddie v. Connecticut*, 401 U.S. 371, 28 L. Ed. 2d 113, 91 S. Ct. 780 (1971), *i.e.*, litigants with meritorious claims cannot be denied access to the courts because of an inability to pay costs. In *Boddie*, the court relied upon undisputed affidavits showing that plaintiffs were financially unable to pay court costs; here no such showing of financial indigency is offered. *Boddie* was also expressly limited to divorce actions since "a marriage cannot be dissolved except by 'due judicial proceedings,'" *Boddie v. Connecticut, supra* at 382 n.8. *Boddie* has subsequently been narrowly construed. *Ortwein v. Schwab*, 410 U.S. 656, 35 L. Ed. 2d 572, 93 S. Ct. 1172 (1973) (upholding Oregon's appellate court filing fee of $25); *United States v. Kras*, 409 U.S. 434, 34 L. Ed. 2d 626, 93 S. Ct. 631 (1973) (bankruptcy fees); *In re Statham*, 483 F.2d 436 (9th Cir. 1973), *cert. denied*, 38 L Ed. 2d 474, 94 S. Ct. 578 (1973).

In *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 548, 93 L. Ed. 1528, 69 S. Ct. 1221 (1948), the court stated that the wisdom of such security requirements, as prescribed by legislation similar to that of RCW 23A.08.460, was a state question. The court did, however, go on to hold that such a requirement did not violate the contract clause

of the United States Constitution or the due process clause or equal protection clause of the fourteenth amendment to the United States Constitution.

We find the principle enunciated in *Boddie* inapplicable to this litigation. And, even if that principle was relevant, the reasoning is inapplicable because of the lack of showing of indigency by appellant Heber.

Finally, appellant asserts that another division of this court has held RCW 23A.08.460 to have been superseded by CR 23.1. *LaHue v. Keystone Inv. Co.,* 6 Wn. App. 765, 776, 496 P.2d 343 (1972).[3]

■ We are unable to agree with that conclusion, at least as to the point in issue here, the requirement of security. CR 23.1 makes no provision for security and hence is not in conflict with RCW 23A.08.460. The security provisions provided by RCW 23A.08.460 remain in effect. *See* RCW 2.04.200; *Nicktovich v. Olympic Motor Transit Co.,* 148 Wash. 410, 269 P. 337 (1928).

Respondent states that their costs to date, which include the trial, are in excess of $85,000. To require this appellant

---

[3] "Rule 23.1

"DERIVATIVE ACTIONS BY SHAREHOLDERS

"In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege (a) that the plaintiff was a shareholder or member at the time of the transaction of which he complains or that his share or membership thereafter devolved on him by operation of law, and (b) that the action is not a collusive one to confer jurisdiction on a court of this state which it would not otherwise have. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for his failure to obtain the action or for not making the effort. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association. The action shall not Le dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to shareholders or members in such manner as the court directs."

to post security in that amount at this time would be excessive. RCW 23A.08.460 states in part:

the court having jurisdiction, upon final judgment and a finding that the action was brought without reasonable cause, may require the plaintiff or plaintiffs to pay to the parties named as defendant the reasonable expenses, including fees of attorneys, incurred by them in the defense of such action.

At this juncture we are uninformed as to the extent of the proceedings at the trial level. Appellant has the burden of substantial costs on appeal. We anticipate briefs will be filed by all parties and that there shall be subsequent oral argument. Seven directors are respondents in this proceeding, as well as the corporation. To cover the costs on appeal, we set the security at $10,000. It shall be posted within 30 days of the date of finality of this decision. *Reeploeg v. Jensen,* 81 Wn.2d 541, 503 P.2d 99 (1972); CAROA 15. Failure to post by 5 p.m. of that date will result in automatic dismissal of this appeal. Respondent's motion for security is granted in accordance with the foregoing opinion.

GREEN, C.J., and McINTURFF, J., concur.

Petition for rehearing denied August 19, 1974.

Review denied by Supreme Court October 18, 1974.